705 P.2d 548

**SYSCO INTERMOUNTAIN FOOD SERVICE, a corporation, Plaintiff/Appellant,**

v.

**The CITY OF TWIN FALLS, a municipal corporation, Defendant/Respondent.**

No. 15415.

Court of Appeals of Idaho.

July 18, 1985.

Review Denied Sept. 30, 1985.

Charles D. Coulter, Boise, for plaintiff/appellant.

James D. Holman, Idaho Falls, for defendant/respondent.

HUNTLEY, Acting Chief Judge.

By this appeal we are asked to decide (1) whether a default judgment in favor of Sysco was properly set aside pursuant to I.R.C.P. 60(b)(1); and (2) whether the motion for summary judgment in favor of Sysco was properly granted.

On December 15, 1981, Sysco's vehicle, driven by employee Larry Smith, collided with a vehicle owned by the City of Twin Falls and driven by a city employee. After Sysco's vehicle was towed to a garage, Smith inquired of and was informed by a city police officer that the City's insurance agent was Anderson, Blake, Fay Insurance Agency ("ABF"). Smith went to ABF and filed a claim against the City. ABF accepted the claim and referred it to the City's carrier, CNA Insurance. CNA investigated the claim, and on January 20, 1982, denied the claim by means of a telephone call to Larry Smith. The caller stated that plaintiff's claim was denied because of a witness's statement.

On September 14, 1982, after retaining counsel, Sysco served a written tort claim notice upon the City pursuant to I.C. § 6–906.[1] CNA again denied the claim. On January 17, 1983, Sysco filed suit

against the City. The City was served on March 24, 1983.

The City's usual and customary practice was to forward summons and complaints to ABF, which in turn forwarded them to CNA. CNA would then obtain legal counsel to defend its insured. In the instant case, the City forwarded the complaint and summons from Sysco to ABF, but the day they were received at ABF's office, the experienced clerk who usually handled them was hospitalized and out of the office. An inexperienced clerk simply placed the complaint and summons in a file instead of forwarding them to CNA.

Sysco filed a motion for entry of default judgment on April 26, 1983, and the magistrate court granted it the same day. After the court entered judgment, Sysco's counsel mailed to the City notice of hearing for the taking of evidence. The City received the notice on May 10, 1983, one day before the hearing was scheduled. The City's request for a continuance was denied, and after the hearing the court entered judgment against the City.

The City's motion to set aside the default judgment pursuant to I.R.C.P. 60(b)(1) was denied by the magistrate court without findings of fact or conclusions of law. The City appealed to the district court, which vacated the default judgment.

The City then filed a motion for summary judgment, which the district court granted on the ground that Sysco had failed to timely file a written tort claims notice with the City within the 120 day limit. Sysco appealed, contending first, that the default judgment should not have been set aside; and second, that summary judgment against Sysco should not have been granted, because Sysco had filed a claim with the insurance agency within the required time limit.

---

1. I.C. § 6–906 provides:

   **6–906. Filing claims against political subdivision or employee—Time.**—All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee with-

   in the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred twenty (120) days from the date the claims arose or reasonably should have been discovered, whichever is later.

## I. THE DEFAULT JUDGMENT

I.R.C.P. 60(b)(1) provides that "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." In setting aside the default judgment in the case at bar, the district court concluded that "mistakes creating the present confusion are excusable."

■■ Judgments by default are not favored, and the general rule is that in doubtful cases relief from default is granted in order to reach a judgment on the merits. *Johnson v. Pioneer Title Company of Ada County,* 104 Idaho 727, 662 P.2d 1171 (Ct. App.1983). The decision to grant a motion to set aside a default judgment is committed to the sound discretion of the trial court, and ordinarily such decision will not be disturbed on appeal in the absence of an abuse of discretion. *Id.* at 731, 662 P.2d 1171.

■ In *Avondale on Hayden, Inc. v. Hall,* 104 Idaho 321, 658 P.2d 992 (Ct.App. 1983), the Court of Appeals concluded that where evidence submitted on a motion for relief from a default judgment is entirely documentary, the trial court's findings of fact will not be disturbed unless they are clearly erroneous. Because here the magistrate made no findings of fact and provided no reasons for its denial of the City's motion to set aside default judgment, the district court properly reviewed the record on appeal, made its own findings, and exercised its own discretion in setting aside default judgment. We conclude that the factual record supports the ruling that the default judgment should be set aside on the grounds of inadvertence.

■ The facts in the instant case are similar to those in *Johnson,* where plaintiff's summons and complaint were served upon an employee of the title company who failed to either notify his superiors of the receipt of the documents or forward them to Pioneer's legal counsel. In fact, Pioneer's predecessor in interest was the proper defendant. The defendants attempted to communicate with the predecessor in interest, and to inform plaintiffs who the proper defendant should be. Plaintiffs meanwhile obtained a default judgment, which the trial court refused to vacate on Pioneer's motion. The Court of Appeals there held that while Pioneer's employees might have acted more prudently, in view of the confusion which existed among the parties, it could not be said that Pioneer was guilty of indifference or deliberate delay in failing to answer the complaint. The court ruled there that the default judgment should be set aside.

In the case at bar, the City followed its customary procedure in forwarding a summons and complaint to ABF to be forwarded to the insurance carrier. Normally the documents would have been received by an experienced clerk. It was happenstance that she was in the hospital the day the summons and complaint arrived at ABF, and that an inexperienced clerk would simply file them without forwarding them to CNA. The City had no control over the actions of ABF. When the City became aware of the motion for entry of default judgment, it acted with reasonable prudence under the circumstances.

In deciding whether to set aside a default judgment we must apply a "standard of liberality rather than strictness and give the party moving to vacate the default the benefit of a genuine doubt." *Johnson,* 104 Idaho at 733, 662 P.2d 1171. Therefore we hold that the default judgment was properly set aside.

## II. ADEQUACY OF TORT CLAIMS ACT NOTICE

■ Notice to an insurer of a public entity can in certain circumstances constitute substantial compliance with a tort claims act notice requirement. In *Lucas v. Ind. Public School Dist. No. 35,* 674 P.2d 1131 (Okl.1983), the court ruled that where the claimant had given a written statement to a school district's insurance manager within the 120 day time limit, the statement constituted substantial compliance with the re-

quirements of the tort claims act. Notice to the insurance carrier was not authorized under the act. Yet with respect to the purposes meant to be accomplished by the notice provisions—promotion of prompt investigation; opportunity to repair dangerous conditions; facilitation of speedy and amicable settlement of meritorious claims; and allow any opportunity to prepare to meet fiscal liabilities—the court held the school district was not prejudiced by the manner of imparting notice. *See also, Conway v. Ohio Cos. Ins. Co.*, 669 P.2d 766 (Okla.1983).

The same rationale applies to the case at bar. None of the purposes of the notice requirements appear to have been hindered, in fact the process may have been facilitated by immediate notice to the insurance company. Smith, Sysco's employee, submitted an oral claim to ABF. Whether the claim was made orally or in writing is irrelevant since ABF accepted and *investigated* the claim.

In his affidavit Smith stated that the CNA agent had informed him by telephone that Sysco's claim had been denied because of a witness's statement. Clearly, there was an acknowledgment by the agent that a claim was received, investigated and denied.

While the general rule is that an agent of the insurer is not the agent of the insured, statutory or contractual provisions may alter that relationship. 43 Am.Jur.2d, *Insurance*, § 110 (1982). Here, by virtue of the insurance arrangement, the duties of the insurance agent rendered it the duly authorized agent of the city for purposes of processing, investigating and denying claims. *See*, 3 Couch on Insurance 2d (Rev. ed.) §§ 25:1–25:4 (rev. ed. 1984). An acknowledgment of receipt of a claim by a duly authorized agent places an affirmative duty on the agent to advise the claimant if it wishes to rely on some defect in the filing of the claim.

We conclude that the district court improperly granted the City's motion for summary judgment and reverse and remand for further proceedings consistent with this opinion.

Costs to appellant. No attorney fees on appeal.

BURNETT and TOWLES, Acting JJ., concur.