816 P.2d 982

**Glenna POUNDS, Plaintiff–Appellant,**

v.

**Thomas DENISON, individually and in his official capacity as Assistant Dean to the School of Vocational–Technical Education at Boise State University; John Keiser, individually and in his official capacity as President of Boise State University; Boise State University, Defendants–Respondents.**

**No. 18473.**

Supreme Court of Idaho,
Boise, December 1990 Term.

Aug. 20, 1991.

**426**

Skinner, Fawcett & Mauk, Boise, for appellant. W. Craig James argued, Boise.

Lojek & Gabbert, Chartered, Boise, for respondents. Donald W. Lojek argued, Boise.

BISTLINE, Justice.

Pounds was an employee at Boise State University from 1969 through 1985. Denison was Pounds' supervisor beginning in 1983. On May 15, 1985, Pounds took a six-month medical leave which she alleges resulted from Denison's systematic and intentional harassment and threats designed to coerce her into resigning. On May 20, 1985, Pounds filed a grievance as provided in BSU's Employee Handbook. A hearing was held and her complaints were dismissed. She then appealed to the Idaho Personnel Commission, which dismissed the appeal for lack of jurisdiction. In November of 1985 Pounds' medical leave expired, she did not return to work, and she was replaced.

In February of 1986, Pounds filed a complaint in district court alleging breach of employment contract, contravention of public policy, violation of due process, breach of contractual covenants of good faith and fair dealing, and the intentional infliction of emotional distress. The complaint was dismissed for failure to exhaust administrative remedies. Pounds appealed, and the matter was assigned to the Court of Appeals, which affirmed as to the first three counts of the complaint, but reversed the dismissal of the emotional distress claim. 115 Idaho 381, 766 P.2d 1262.

On remand the respondents moved for summary judgment on the basis that Pounds failed to file a notice of tort claim pursuant to the Idaho Tort Claims Act. Denison and Keiser, in their individual capacities, also maintained that no facts existed to rebut the statutory presumption of I.C. § 6–903(e) that they acted in any capacity other than in the course of their employment. The district court granted the motion and dismissed the claims against Denison and Keiser, individually and in their official capacities, and the claim against BSU. Pounds now appeals the grant of respondents' motion for summary judgment.

The district court applied the correct standard for summary judgment:

> The moving party is entitled to [summary] judgment when the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to the party's case on which that party will bear the burden of proof at trial. *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127 (1988).

R. Vol. I, 21–22.

The first issue on appeal is whether the district court erred in finding that Pounds did not substantially comply with the notice of tort claim requirement of the Idaho Tort Claims Act, I.C. § 6–905. Pounds contends that although she did not file a formal notice of tort claim, she did substantially comply with the notice requirement.

Pounds relies on *Sysco Intermountain Food Serv. v. City of Twin Falls*, 109 Idaho 88, 705 P.2d 548 (Ct.App.1985), for the substantial compliance theory. In *Sysco* the Court of Appeals held that notice to the city's insurer of a claim against the city constituted substantial compliance with the notice requirement, and that the award of summary judgment against the plaintiff was therefore improper. 109 Idaho at 90–91, 705 P.2d at 550–51.

*Sysco* is supported by the discussion of the legislative intent behind the notice requirement of I.C. § 6–905 in the case of *Farber v. State*, 102 Idaho 398, 630 P.2d 685 (1981):

> The purposes of I.C. § 6–905 are to (1) save needless expense and litigation by

providing an opportunity for amicable resolution of the differences between parties, (2) allow authorities to conduct a full investigation into the cause of the injury in order to determine the extent of the state's liability, if any, and (3) allow the state to prepare defenses.

102 Idaho at 401, 630 P.2d at 688. *Sysco* ruled that notice to the insurance company constituted sufficient compliance with the notice requirement because none of the purposes of the notice requirement were hindered. 109 Idaho at 91, 705 P.2d at 551. *Farber* warned against strict interpretation of the notice requirement:

> A strict or literal interpretation of the notice requirements of the ITCA would result in denying the legitimate claims of those who have suffered injury at the hands of the state, without furthering in the least the legislative purposes behind the statute.

102 Idaho at 402, 630 P.2d at 689.

█ Idaho Code § 6–905 requires that notices of claims against the state be filed with the secretary of state within 120 days of the time the claim arose or should have been discovered. This section was amended in 1985 to allow for 180 days to file a claim. Because Pounds' claim arose no later than May 15, 1985, her last day of work, she does not receive the benefit of the extended filing period as the claim arose before the amendment took effect on July 1, 1985. Pounds argues that she substantially complied with the notice requirement, and that the respondents received adequate notice of her claim, by the filing of her grievance, the grievance hearing, and the appeal to the Personnel Commission, all of which occurred within 120 days of her last day of work.

The degree of compliance with the notice requirement in this case does not approximate the degree of compliance in *Sysco*, and we hold that Pounds did not substantially comply with I.C. § 6–905. The plaintiff in *Sysco* filed a claim against the city of Twin Falls with the city's insurance agent immediately after the claim arose. The Court of Appeals concluded:

> None of the purposes of the notice requirements appear to have been hindered, in fact the process may have been facilitated by immediate notice to the insurance company.

*Sysco*, 109 Idaho at 91, 705 P.2d at 551. Pounds' filing of her grievance did not provide adequate notice of a tort claim against the respondents. It provided notice that she had a grievance, but did not provide notice that she intended to go a step farther by bringing a tort claim.

We can readily understand that for Glenna Pounds this has to be a very frustrating conclusion to her efforts to have her day in court. In initially utilizing BSU's grievance procedure she was without legal assistance, and likely unaware of the time limits of the Idaho Tort Claims Act. However, despite our continued embrace of *Sysco's* interpretation of the notice of tort claim statutory provision, the result reached here is required by the fact that the state is subject to potential liability for its many and widespread activities and it must be assured of adequate notice of the frequent tort claims brought against it. The filing of a grievance with a state entity, such as BSU in this case, is simply not sufficient to serve as a notice of tort claim; such grievances are too preliminary in nature to alert the state to a potential tort claim. The district court correctly granted the motion for summary judgment in favor of BSU, and Denison and Keiser in their official capacities, as Pounds failed to make a showing sufficient to establish the existence of an element essential to her case on which she bore the burden of proof. *Badell v. Beeks*, 115 Idaho 101, 102, 765 P.2d 126, 127.

█ The second issue on appeal is whether the district court erred in granting summary judgment to Denison and Keiser in their individual capacities on the basis that Pounds failed to rebut the I.C. § 6–903(e) presumption that they acted in any capacity other than in the course of their employment.

The district court relied on *Overman v. Klein*, 103 Idaho 795, 654 P.2d 888 (1982), which held that a claim against the defen-

dant state officials in their individual capacities could not be brought because the plaintiff did not rebut the I.C. § 6–903(e) presumption that any act committed by a state employee within the time and at the place of her or his employment is within the course and scope of that employment. Therefore, the defendants were presumed to have acted in the course of their official capacities, and could not be sued because a notice of tort claim was not filed as required by I.C. § 6–908 [and within the time limit provided by § 6–905]. *Overman*, 103 Idaho at 798, 654 P.2d at 891.

The trial court found that "the complaint and record before this Court contain no evidence, nor allegations, that Denison or Keiser acted outside the scope or course of their employment. Although the statutory presumption of I.C. § 6–903(e) is rebuttable, plaintiff has presented no evidence to rebut the presumption." R. Vol. I, 27. Concluding that the trial court did not err in this finding, we uphold and affirm the district court's ruling that Denison and Keiser could not be sued in their individual capacities. Pounds failed to make a showing sufficient to establish the existence of an element essential to her case on which she bore the burden of proof. *Badell*, 115 Idaho at 102, 765 P.2d at 127.

The district court's grant of summary judgment in favor of the respondents is affirmed. Costs on appeal are awarded to the respondents. No attorney fees on appeal.

JOHNSON, BOYLE and McDEVITT, JJ., concur.

BAKES, Chief Justice, concurring in the result:

I concur in the in the Court's disposition of the second issue in which it concludes that the district court did not err in granting summary judgment to Denison and Keiser in their individual capacities on the basis that plaintiff has presented no evidence to rebut the presumption that Denison and Keiser were acting within the course and scope of their employment with Boise State University.

As to the first issue, I concur in the Court's conclusion that Pounds did not comply with I.C. § 6–905. *Ante* at 984. However, the Court's "embrace" of the decision of a panel of the Court of appeals in *Sysco Intermountain Food Serv. v. City of Twin Falls*, 109 Idaho 88, 705 P.2d 548 (Ct.App.1985), in which the panel stated that notice to an city's insurance carrier is substantial compliance with I.C. § 6–905 is both *dicta* and contrary to prior decisions of this Court.

In *Independent School Dist. of Boise City v. Callister*, 97 Idaho 59, 539 P.2d 987 (1975), this Court rejected the "substantial compliance" rule of an earlier case, *Jorstad v. City of Lewiston*, 93 Idaho 122, 456 P.2d 766 (1969), and held that compliance with the provisions of I.C. §§ 6–905 and 6–906 was necessary in order to have a valid tort claim. The Court in the *Callister* case specifically rejected the appellant's claim that there was substantial compliance based in part upon the fact that there was notice to the school district's insurance carrier. As the dissenting opinion of Justice Donaldson pointed out, the "damages claimed by the respondent had been fully ascertained by an insurance adjuster representing the insurance carrier for the School District well within the 120 day notice of claim period." 97 Idaho at 65, 539 P.2d at 993. In addition to that notice to the insurance carrier, in the *Callister* case there were additional documents filed with the school district, at the request of the school district, regarding the accident involved in that case. Those documents were described in detail in Justice Donaldson's dissenting opinion as follows:

On the very date of the accident, numerous affidavits were filed with the school by students who observed the conduct in question. These affidavits contained circumstances of the accident and notice of probable injury. In addition, documents were later prepared at the request of officials and agents of Capital High School and the Independent School District of Boise City. One of these documents entitled "State Department of Education Accident Report Form" is directed to the "Independent School Dis-

trict of Boise City" and bears the date of November 24, 1971. Therein, the date of the accident is set forth as November 24, 1971. Thus, it is obvious that the district had actual knowledge, through a report made on its own form and signed and subscribed by a person bearing the title "District Supervisor of Safety Education" of the injury to Scott Patterson on the date of the injury itself. Looking at the requirements of I.C. § 6–907, relating to "contents of claims" and comparing the same to the accident report form and other documents, the district had actual written notice of "the conduct and circumstances which brought about the injury or damage," "the injury or damage," "the time and place the injury or damage occurred," "together with a statement of the actual residence of the claimant." Further written information was supplied on December 15, 1971, only some three weeks thereafter. The only information the district did not have as a result of the above documents was "the amount of damages claimed" and information regarding the residence of the claimant "for a period of six (6) months immediately prior to the time the claim arose." Since Scott Patterson was a student at Capital High at the time, the very records of said school would reveal his residence for the six month period prior to the accident. Further, damages claimed by the respondent had been fully ascertained by an insurance adjuster representing the insurance carrier for the School District well within the 120 day notice of claim period.

97 Idaho at 64–65, 539 P.2d at 992–993. Nevertheless, the Court in the *Callister* case held, contrary to the panel of the Court of Appeals in the *Sysco* case, that there was no compliance with the notice provisions of I.C. § 6–905, even though there was notice to the school district's insurance carrier.

The cases of *Smith v. City of Preston*, 99 Idaho 618, 586 P.2d 1062 (1978), and *Stevens v. Fleming*, 116 Idaho 523, 777 P.2d 1196 (1989), are distinguishable. In those cases, notice was given *by* an insurance company *to* the government agency. In *Smith v. City of Preston*, we held that

the notice by the insurance company to the government agency was sufficiently specific to satisfy the requirements of I.C. § 6–907. In *Stevens v. Fleming*, we held that the letter sent to the city on behalf of the insurance company was not sufficiently specific to satisfy the requirements of 6–907. However, in both of those cases we were dealing with a letter sent *by* an insurance company *to* the government agency. In the *Independent School Dist. of Boise City v. Callister* case, and in the present case, we are dealing with a letter sent by the claimant to the insurance company.

In this case there was no letter or written notice sent by the claimant or an insurance company to the governmental entity. Thus, under the *Callister* case there has been no compliance with I.C. § 6–905, which requires that a claim be filed with the governmental entity.

Accordingly, I concur with the result reached by the majority opinion that Pounds did not comply with I.C. § 6–905. However, this Court has rejected the notion that notice by the claimant to the insurance carrier satisfies the provisions of I.C. § 6–906, *Independent School Dist. of Boise City v. Callister*, 97 Idaho 59, 539 P.2d 987 (1975), and the panel decision of the Court of Appeals in the *Sysco* case is not the law.