887 P.2d 29

**Bertha FRIEL, Plaintiff–Appellant,**

v.

**BOISE CITY HOUSING AUTHORITY, and John Does 1 Through 5, Defendant–Respondents.**

**No. 21106.**

Supreme Court of Idaho, Boise, September 1994 Term.

Nov. 15, 1994.

Rehearing Denied Jan. 19, 1995.

Cantrill, Skinner, Sullivan & King, Boise, for appellant. Gardner W. Skinner, Jr. argued.

Quane, Smith, Howard & Hull, Boise, for respondents. David V. Nielsen argued.

McDEVITT, Chief Justice.

## I.

## BACKGROUND AND PROCEDURE

The facts relevant to the defendant's motion for summary judgment are not in dispute. On February 13, 1991, Bertha Friel (Friel) filed a complaint in district court claiming that Friel was injured when she slipped on ice and fell in a parking lot owned and maintained by the Boise City Housing Authority (BCHA). Friel's companion, Mrs. Shirley Lemmons, advised the apartment complex's resident manager of the accident, and the manager then called an ambulance. Friel's son-in-law, Charles Yost (Yost), informed a BCHA supervisor that he believed that BCHA was legally responsible for Friel's damages. The supervisor told Yost that Friel should make a claim to BCHA's insurer, Hoyle & Associates Insurance, Inc. (the insurance company). In a later conversation with Friel, the supervisor again stated that Friel should make a claim with the insurance company. Friel thereafter contacted a representative of the insurance company and forwarded copies of the medical bills incurred as a result of the accident to the insurance company. The insurance company paid for some of Friel's medical expenses through BCHA's medical payments coverage. Friel later filed a tort action in district court, seeking reimbursement for all of her medical expenses, as well as compensation for pain and suffering.

BCHA answered Friel's complaint and asserted as a defense that Friel failed to comply with the Idaho Tort Claims Act (ITCA) notice requirements. BCHA later moved for summary judgment on that basis. The district court granted BCHA's motion, holding that Friel had not complied with the ITCA notice requirements and BCHA was entitled to judgment as a matter of law. Friel then filed a motion for reconsideration which, after further briefing and argument, the district court also denied. Friel contends on appeal that the district court erred by holding that Friel failed to comply with the notice requirements of the ITCA by not providing written notification of a tort claim. Friel argues that she substantially complied with the ITCA notice requirements by notifying BCHA's insurance company of her accident and medical expenses.

## II.

## STANDARD OF REVIEW

Summary judgment must be entered when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). This Court's review of a district court's ruling on a motion for summary judgment is the same as that required of the district court when ruling on the motion. On review, as when the judgment is initially considered by the trial court, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Farm Credit Bank of Spokane v. Stevenson*, 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994); *Harris v. Department of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992). If reasonable people could reach different conclusions or draw conflicting inferences from the evidence, the motion must be denied. *Stevenson*, 125 Idaho at 272, 869 P.2d at 1367. However, if the evidence reveals no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review. *Id.*

## III.

### FRIEL DID NOT COMPLY WITH THE IDAHO TORT CLAIMS ACT NOTICE REQUIREMENTS

■ The Idaho Tort Claims Act requires that:

All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course and scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6–906. All such claims must "accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant...." I.C. § 6–907. As previously noted by this Court, the purpose of this statute is to " '(1) save needless expense and litigation by providing an opportunity for amicable resolution of the differences between parties, (2) allow authorities to conduct a full investigation into the cause of the injury in order to determine the extent of the state's liability, if any, and (3) allow the state to prepare defenses.' " *Pounds v. Denison*, 120 Idaho 425, 426–27, 816 P.2d 982, 983–84 (1991), (quoting *Farber v. State*, 102 Idaho 398, 401, 630 P.2d 685, 688 (1981)); *Newlan v. State*, 96 Idaho 711, 715, 535 P.2d 1348, 1352 (1975) ("[T]he claim filing statute is usually the only sure and certain means by which the state or its subdivisions may be alerted to potential liability arising from a governmental activity.") (quoting *Cook v. State*, 83 Wash.2d 599, 521 P.2d 725 (1974)).

Friel admits that she has not filed a notice of her tort claim against BCHA, but contends that she substantially complied with the ITCA's notice requirements. In support of this argument, Friel relies on language in the Court of Appeals' decision in *Sysco Intermountain Food Serv. v. City of Twin Falls*, 109 Idaho 88, 705 P.2d 548 (Ct.App.1985), which this Court cited in *Pounds v. Denison*, 120 Idaho at 427, 816 P.2d at 984. Friel argues that a written notice of tort claim need not be filed with the governmental entity if the plaintiff has notified that entity's insurer that a tort claim may be pursued.

The holding in *Sysco*, that notice of a potential claim to a governmental entity's insurer constitutes substantial compliance with the ITCA notice requirements, was not necessary to the disposition of *Pounds*, and the reference in that opinion to the *Sysco* rationale was dicta. The plaintiff in *Pounds* filed an employee grievance with her employer, Boise State University, claiming that her supervisor, Denison, was harassing her. 120 Idaho at 426, 816 P.2d at 984. This Court held that "[t]he filing of a grievance with a state entity, such as BSU in this case, is simply not sufficient to serve as notice of a tort claim[.]" *Id.* at 427, 816 P.2d at 985. The discussion in *Sysco* that an oral claim to a governmental entity's insurer is sufficient if the insurer receives, investigates, and denies that claim, *Sysco*, 109 Idaho at 91, 705 P.2d at 551, was not necessary to this Court's decision in *Pounds*. The issue in *Pounds* was whether the notice filed with the governmental entity was sufficient, not whether notice must be filed with that entity.

■ This Court has previously rejected the proposition that notice of a potential insurance claim constitutes notice of a potential tort claim sufficient to satisfy the ITCA notice requirements. *Stevens v. Fleming*, 116 Idaho 523, 530–31, 777 P.2d 1196, 2003–04 (1989) ("At best, this letter informed the City of Buhl of an *insurance claim* made by the plaintiffs against Ranger Insurance Company.") (emphasis in original). The trial court therefore did not err in concluding that Friel's notice to BCHA of a potential insurance claim was not adequate notice under the ITCA.

Friel further contends that, if her notice to the insurance company failed to constitute adequate notice to BCHA under the ITCA, she nonetheless directly notified BCHA of a potential tort claim through her son-in-law, Yost. In support of this contention Friel relies on Yost's affidavit, which establishes that he verbally notified an agent of BCHA that BCHA should be responsible for Friel's

injury because, in Yost's opinion, the parking lot was not adequately maintained. Construing the record in the light most favorable to Friel, the district court correctly concluded that there was no question of fact as to whether BCHA was adequately notified of a potential tort claim by Friel.

 Although a notice of a potential tort claim that does not strictly comply with all of the requirements of I.C. § 6–907 may nonetheless satisfy the ITCA notice requirements, *e.g., Smith v. City of Preston,* 99 Idaho 618, 586 P.2d 1062 (1978), the evidence adduced by Friel failed to establish any such compliance. The ITCA provides that "[a] claim filed under the provisions of this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown that the governmental entity was in fact mislead to its injury thereby." I.C. § 6–907. This Court has applied this section to allow tort claims against governmental defendants where the notice filed with that entity did not conform with all of the ITCA requirements. *Smith,* 99 Idaho at 623, 586 P.2d at 1067; *see also Huff v. Uhl,* 103 Idaho 274, 276, 647 P.2d 730, 732 (1982) ("The facts of this case show that although the written estimate itself did not contain a statement of demand, [the defendant] was clearly appraised of the fact that a claim was being prosecuted against it, and the amount thereof"). In this case, however, no notice of Friel's potential claim against BCHA was filed. Yost's statement to a BCHA employee neither contained the information required for valid and sufficient notice under I.C. § 6–907, nor constituted a claim filed under the provisions of that section.

## IV.

### CONCLUSION

The order and judgment of the district court are affirmed. Costs on appeal to respondent.

JOHNSON, TROUT and SILAK, JJ., and REINHARDT, J. Pro Tem., concur.