890 P.2d 331

Blanca Estela AVILA, individually and as parent and natural guardian of Selma Manriquez and Fernando Manriquez, children under 18 years of age, Plaintiff–Appellant,

v.

Dale Brent WAHLQUIST and the State of Idaho Department of Health and Welfare, a governmental agency, Defendants–Respondents.

No. 21070.

Supreme Court of Idaho,
Twin Falls, November 1994 Term.

Feb. 23, 1995.

Raymundo Peña, Rupert, for appellant.

Larry EchoHawk, Atty. Gen. and Hall, Farley, Oberrecht & Blanton, Boise, for respondents. Steven J. Hippler, argued.

SILAK, Justice.

This is an appeal from an order granting summary judgment and dismissing with prejudice the appellant's tort action against the State of Idaho and its employee arising out of an automobile accident. The district judge held that the appellant failed to serve a notice of tort claim on the State of Idaho within the 180 day time limit as required by the Idaho Tort Claims Act. The appellant also appeals from an order denying a motion to compel production of documents and granting the respondents' motion for a protective order. We affirm.

## I.

### FACTS AND PROCEDURAL BACKGROUND

On August 19, 1991, the appellant Blanca Estela Avila and her children, Selma Manriquez and Fernando Manriquez (collectively Avila) were involved in a traffic accident when a vehicle driven by respondent Dale Brent Wahlquist (Wahlquist) rear-ended Avila's vehicle. Wahlquist was an employee of respondent Idaho Department of Health and Welfare (H & W), and was driving a state-owned vehicle while returning from state business at the time of the accident (Wahlquist and H & W collectively respondents).

Within a week of the accident, Kris Michalk (Michalk), an insurance adjuster hired by the state's Bureau of Risk Management, visited Avila's home to take her statement and photographs of her automobile. According to Avila's affidavit:

> ... in the course of the representative's investigation, the representative asked me questions regarding the occurrence of the traffic collision and informed me that the State would be handling the damages which had occurred to me.... [D]uring

our conversation, I informed the representative that I had not been feeling well as a result of the accident and that I would be seeking medical treatment.

Following this meeting, Michalk wrote to Avila, in a letter dated August 27, 1991, informing her that if she wished to make a claim against the state of Idaho, she needed to fill out and file a notice of tort claim with the Idaho Secretary of State's office. The letter also notified Avila that the notice had to be filed within 180 days of the accident. Michalk enclosed a notice of tort claim form with the letter. Avila claims she is illiterate in the English language and did not understand the adjuster's instructions regarding filing a written claim.

Avila filed a tort claim notice with the Secretary of State's office on May 28, 1992, approximately nine months after the accident, and filed a complaint for damages in September 1992. In answering the complaint, respondents raised the affirmative defense that Avila failed to file a timely tort claim notice pursuant to the Idaho Tort Claims Act, and later filed a motion for summary judgment. Thereafter, Avila filed a discovery request seeking, among other things, a copy of all investigative reports, memoranda, documents, and photographs executed by any employee of H & W regarding the adjustment of Avila's claim. Respondents objected to this request on the grounds that these items were protected from discovery pursuant to the attorney/client privilege, and by the work product doctrine, as these items belonged in the claim file of the Bureau of Risk Management. Avila filed a motion to compel production of the requested documents, and a notice of deposition by subpoena duces tecum of Michalk, requiring her to bring with her to the deposition the specified documents. Respondents filed a motion for protective order to prevent the deposition of Michalk.

Following a hearing in June 1993, the district court denied Avila's motion to compel and provisionally granted respondents' motion for protective order pending resolution of respondents' motion for summary judgment. After hearing arguments on the motion for summary judgment, the district court issued its Opinion and Order on October 21, 1993, granting the motion. Avila appeals both the order denying the motion to compel, and the order granting summary judgment.

## II.

## STANDARD OF REVIEW

In an appeal from an order of summary judgment, this Court's standard of review is the same as the standard used by the district court in ruling on the motion for summary judgment. *East Lizard Butte Water Corp. v. Howell,* 122 Idaho 679, 681, 837 P.2d 805, 807 (1992). On review, this Court liberally construes the record in the light most favorable to the party opposing the motion, drawing all reasonable inferences and conclusions in that party's favor. *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272, 869 P.2d 1365, 1367 (1994). Summary judgment shall be granted if the court determines that "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c).

## III.

## 180–DAY NOTICE REQUIREMENT

The Idaho Tort Claims Act states that "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6–908. The Act establishes a 180–day time limit to file a claim:

All claims against the state arising under the provisions of this act and all claims against an employee of the state for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the secretary of state within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6–905. All such claims must "accurately describe the conduct and circum-

stances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant...." I.C. § 6–907.

The accident occurred on August 19, 1991. The notice of tort claim was filed with the state on May 28, 1992, over nine months later. Accordingly, Avila's claim is barred unless she gave some other notice within the 180 day time period. Avila argues that the state knew of the existence of the accident and sent an adjuster to investigate the claim, and therefore, the state was on notice and was not prejudiced in its ability to investigate or process the claim. Avila argues that written or oral notice may be sufficient to satisfy the notice provisions of I.C. § 6–905 as long as the State is not prejudiced by the manner of imparting notice. *Citing Huff v. Uhl,* 103 Idaho 274, 647 P.2d 730 (1982); *Sysco Intermountain Food Serv. v. City of Twin Falls,* 109 Idaho 88, 705 P.2d 548 (Ct.App.1985).

■ This Court recently rejected a similar argument in *Friel v. Boise City Housing Authority,* 887 P.2d 29 (Idaho 1994). In *Friel,* we affirmed summary judgment against the claimant, holding that the claimant's actions of notifying the governmental entity's insurance company of her accident and medical expenses failed to satisfy the notice filing requirements regarding claims against political subdivisions set out in I.C. § 6–906 which requirements are virtually identical to those of I.C. § 6–905. *Id.* at 31. In *Friel,* we declined to follow *Sysco,* and stated that the reference to *Sysco* in *Pounds v. Denison,* 120 Idaho 425, 816 P.2d 982 (1991), was dicta:

> The holding in *Sysco,* that notice of a potential claim to a governmental entity's insurer constitutes substantial compliance with the ITCA notice requirements, was not necessary to the disposition of *Pounds,* and the reference in that opinion to the *Sysco* rationale was dicta.

*Friel* at 31. Likewise, Avila's reliance on *Huff* is unavailing. The claimant in *Huff* went to the governmental entity and present-

ed written repair estimates, discussed the claim with the secretary treasurer of the governmental entity, and followed up with at least two telephone calls. The *Huff* court held that the governmental entity "was clearly apprised of the fact that a claim was being prosecuted against it, and the amount thereof." *Huff, supra,* 103 Idaho at 276, 647 P.2d at 732. By contrast, Avila never notified the state that she was pursuing a tort claim and the amount thereof, within the 180 day period. Avila's alleged statements to the adjuster that she had not been feeling well as a result of the accident and would be seeking medical treatment were insufficient to "provide notice that she intended to go a step farther by bringing a tort claim." *Pounds, supra,* 120 Idaho at 427, 816 P.2d at 984.

■ Further, this Court has rejected the argument that notice of a potential *insurance* claim constitutes notice of a potential tort claim sufficient to satisfy I.C. § 6–906. *Stevens v. Fleming,* 116 Idaho 523, 530–31, 777 P.2d 1196, 1203–04 (1989). The same analysis applies under I.C. § 6–905. An insurance company's awareness of an accident or medical expenses does not relieve a claimant of the burden to file a timely notice of tort claim with the appropriate governmental entity.

The fact that Ms. Avila is or may be illiterate in the English language does not change the analysis. The statute employs a reasonableness standard. I.C. § 6–905 (180 "days from the date the claim arose or reasonably should have been discovered"); *McQuillen v. City of Ammon,* 113 Idaho 719, 722, 747 P.2d 741, 744 (1987) ("Knowledge of facts which would put a reasonably prudent person on inquiry is the equivalent to knowledge of the wrongful act and will start the running of the 120–day period.") The letter dated August 27, 1991 from the insurance adjuster advising Avila of the necessity of filing a notice of tort claim, even if Avila was unable to read it, was sufficient to put Avila on inquiry notice as to the contents of the letter. The district court properly granted summary judgment in favor of respondents for Avila's failure to file a timely notice of tort claim.

## IV.

### MOTION TO COMPEL

Avila also contends that the district court erred in granting provisionally respondents' motion for a protective order and denying Avila's motion to compel, pending resolution of the motion for summary judgment. Avila sought access to the claim file of the Bureau of Risk Management to determine what the state knew and the extent it was put on notice.

■■■ Control of discovery is within the discretion of the trial court. *Service Employees Int'l v. Idaho Dep't. of H & W*, 106 Idaho 756, 761, 683 P.2d 404, 409 (1984). We find no abuse of discretion in the district court's decision to suspend discovery pending resolution of the potentially dispositive summary judgment motion. Avila admittedly took no affirmative steps during the 180 days after the accident to notify the state of her tort claim, other than speaking with Ms. Michalk when she investigated the accident. The information in the claim file would be immaterial to the motion to dismiss, because an insurance company's information about an accident or medical expenses does not relieve a claimant of the burden to file a timely notice of tort claim with the appropriate governmental entity.

## V.

### CONCLUSION

The district court's orders which granted summary judgment in favor of respondents, and provisionally granted respondents' motion for a protective order and denied Avila's motion to compel are affirmed. In view of our disposition of this case, we need not reach the other issues and arguments raised by the parties on appeal. Costs on appeal to respondents.

McDEVITT, C.J., JOHNSON and TROUT, JJ., and WOODLAND, J. Pro Tem., concur.