MEMORANDUM **
Victoria Johnson appeals two rulings by the district court in favor of the defendants, North Idaho College (NIC) and one of its former instructors, Donald Friis. We have jurisdiction pursuant to 28 U.S.C. § 1291. For the following reasons, we affirm in part and reverse in part.
We review de novo a district court’s decision to grant a motion to dismiss for lack of subject matter jurisdiction, as well as its decision to grant summary judgment. See Amerco v. N.L.R.B., 458 F.3d 883, 886 (9th Cir.2006); Dreiling v. America Online, Inc., 578 F.3d 995, 1000-01 (9th Cir.2009).
The district court properly granted the motion to dismiss Johnson’s state law tort claims against NIC. Johnson’s complaint to the Idaho Human Rights Commission satisfied the Idaho Tort Claims Act’s notice requirement only with respect ■ to claims “arising under” the Idaho Human Rights Act (“IHRA”), i.e., her gender discrimination and sexual harassment claims. See Idaho Code § 67-5907A. Johnson’s other tort claims, including those for assault, battery, negligent and intentional infliction of emotional distress, and negligent supervision, hiring, and retention, do not arise under the IHRA. Accordingly, notice to the Idaho Human Rights Commission of her discrimination *112 and harassment claims did not satisfy the Idaho Tort Claims Act’s notice requirements with regards to these other claims. See id.
Moreover, Johnson’s administrative grievance filed with NIC did not constitute adequate notice of her state law tort claims because it did not clearly apprise NIC that she “intended to go a step farther by bringing a tort claim.” Pounds v. Denison, 120 Idaho 425, 816 P.2d 982, 984 (1991); see also Huff v. Uhl, 103 Idaho 274, 647 P.2d 730, 732 (1982). Thus, Johnson failed to satisfy the Idaho Tort Claims Act with respect to her claims other than sexual harassment and discrimination, and the district court lacked subject matter jurisdiction over such claims.
The district court also properly granted the motion to dismiss Johnson’s state law tort claims against Friis. Although Johnson asserted her claims against Friis in his individual capacity, she failed to plead clear facts in the amended complaint to overcome the statutory presumption that a government employee acts within the scope and course of his employment while employed by the government and at the place of his employment. See Idaho Code § 6-903(e); Anderson v. Spalding, 137 Idaho 509, 50 P.3d 1004, 1013 (2002); Overman v. Klein, 103 Idaho 795, 654 P.2d 888, 890-91 (1982). Johnson therefore had to timely file notice of her tort claims against Friis with NIC, and, for the reasons stated above, she failed to do so.
The district court properly granted NIC summary judgment on Johnson’s Title IX sexual harassment claim. To be liable under Title IX, an institution must manifest deliberate indifference to gender discrimination in its midst—that is, it must both have “actual knowledge” of the discrimination and fail to respond adequately. Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). No matter how “actual knowledge” is defined, no reasonable juror could conclude that NIC had notice of Friis’s conduct prior to February 2005. Moreover, there is no evidence that NIC manifested deliberate indifference to Friis’s behavior once it was on notice. The evidence is undisputed that NIC promptly investigated Johnson’s allegations and forced Fri-is to resign in short order. See, e.g., Oden v. N. Marianas Coll, 440 F.3d 1085, 1089 (9th Cir.2006).
However, we agree with Johnson that the district court erred in granting NIC summary judgment on her IHRA claims, on the basis that it does not provide for respondeat superior liability. The IHRA provides a private right of action for money damages against “educational institution[s]” that discriminate on the basis of gender, Idaho Code § 67-5909(7), and defines “educational institution” to include “an agent of an educational institution.” Id. § 67-5902(10). Such language provides for respondeat supeñor liability. See Gebser, 524 U.S. at 284, 118 S.Ct. 1989 (citing 42 U.S.C. § 2000e-2(a)).
The district court improperly discounted the clear language of the IHRA, based on a purported “conflict” between the language of § 67-5902(10) and the IHRA’s preamble, which indicates that the statute shall execute “the policies embodied in the federal Civil Rights Act of 1964.” Idaho Code § 67-5901(1). We see no conflict. As recognized by the Idaho Supreme Court in Bowles v. Keating, 100 Idaho 808, 606 P.2d 458, 461 (1979), the preamble to the IHRA expresses the policy that the IHRA parallels Title VII. See Idaho Code § 67-5901(1) & n. 1. Title VII uses near-identical language to that provided in § 67-5901(10), and likewise permits respondeat superior liability. See generally *113 Gebser, 524 U.S. at 285-88, 118 S.Ct. 1989. Consequently, we reverse the decision of the district court granting summary judgment to NIC on Johnson’s IHRA claim and remand for further proceedings on that claim.
Each party to bear its own costs.
AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.