IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 46696

SHANE R. DODGE and CHRISTINE L. DODGE, husband and wife,

   Plaintiffs-Appellants,

v.

BONNERS FERRY POLICE DEPARTMENT, OFFICER WILLIAM COWELL and OFFICER BRANDON BLACKMORE,

   Defendants-Respondents.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, August 2019 Term

Opinion Filed: October 4, 2019

Karel A. Lehrman, Clerk

---

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Barbara A. Buchanan, District Judge.

District Court order dismissing the complaint is affirmed.

Shane and Christine Dodge, pro se appellants.

Lake City Law Group, PLLC, Coeur d'Alene, for respondents.

_____

SUBMITTED ON THE BRIEFS

BURDICK, Chief Justice.

Shane R. and Christine L. Dodge appeal the Boundary County district court's dismissal of their tort claim against the Bonners Ferry Police Department, Sergeant William Cowell, and Officer Brandon Blackmore for failure to file a notice of tort claim pursuant to Idaho Code sections 6-610 *et seq.*, and for failure to post a bond prior to commencing their cause of action. We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On the evening of June 17, 2018, Appellants Shane R. Dodge and his wife Christine L. Dodge ("the Dodges") were returning home with their son after having dinner together, when they turned onto District Two Road and saw a police car partially blocking their lane of travel.

At that time, two Bonners Ferry police officers, Sergeant William Cowell and Officer Brandon Blackmore, were conducting a traffic stop of another vehicle. To avoid hitting them, Mr. Dodge drove slowly by the two cars, and then pulled over about four car-lengths away. He exited his car and approached the police officers. He informed them that the location "was a pretty stupid place to pull people over." Sergeant Cowell instructed Mr. Dodge that he could be arrested for obstruction or interfering with the traffic stop, whereupon Mr. Dodge said, "go to hell." Mr. Dodge was then arrested and placed in the back of the patrol car. When she saw her husband being arrested, Mrs. Dodge exited her car and attempted to approach and question the officers. When she asked the officers why they were arresting her husband, Sergeant Cowell told Officer Blackmore to arrest her too, but Officer Blackmore ordered her to leave the scene. Mr. Dodge was taken to the county jail and booked. Thereafter, he posted bond and was released.

On August 27, 2018, the Dodges filed suit against the Bonners Ferry Police Department, Sergeant Cowell, and Officer Blackmore ("Respondents"). The Dodges alleged that on June 17, 2018: Mr. Dodge was arrested without probable cause in violation of Idaho Code section 19-603; the officers used excessive force in violation of Idaho Code section 19-610; the officers assaulted, battered, and falsely imprisoned Mr. Dodge in violation of Idaho Code sections 18-901(a) and (b), 18-903(a)(b)(c), and 18-2901; the officers falsified a police report in violation of Idaho Code section 18-3201; and the officers assaulted Mrs. Dodge in violation of Idaho Code section 18-901(a) and (b). On the same day they filed the complaint, the Dodges also filed a motion requesting that the court waive the requirement in Idaho Code section 6-610 that they post a bond before commencing the suit.

On September 24, 2018, Respondents filed an answer, admitting several of the facts alleged by the Dodges but denying that the officers had committed any wrongful act or violated any of the Dodges' rights.

On December 13, 2018, exactly 180 days after the Dodge's claims arose, Respondents filed a motion to dismiss, alleging that the Dodges failed to file notice of their tort claim or post a bond prior to commencing their suit as required by Idaho Code sections 6-908 and 6-610. Respondents also filed a motion to shorten time, requesting the motion to dismiss be heard on December 20, 2018 the same day several other motions made by the Dodges were scheduled to be heard. The district court granted the motion to shorten time the same day and set the motion to dismiss to be heard on December 20, 2018.

At the hearing, Respondents argued the suit had to be dismissed because the Dodges had failed to comply with the statutory requirements for filing a tort claim against a government entity. The Dodges moved for a continuance so they could review Respondents arguments more fully. The court denied the Dodges' motion for a continuance, explaining that:

> [N]ormally I would grant you a continuance. But I've reviewed the case law and [Respondents' counsel] and the [Respondents] are absolutely right. If you haven't filed a tort claim, you are — it has to be filed within 180 days of the injury that you're suing over, the claims.
>
> And that 180 days has not been — you can't fix that. So there's no reason to grant you any more time.
>
> The most recent case that I'm aware of in front of me, it's an Idaho Supreme Court case, Allied Bail Bonds versus Kootenai County. It was a First District case involving — that was before Judge Mitchell in Kootenai County, very similar. It had both of these issues.
>
> And the Supreme Court held that complying with the Idaho Tort Claims Act is a mandatory condition to bringing suit. It's fatal to a claim no matter how legitimate the claim may be or might not be.
>
> And so I can't — granting you additional time there's no way — if you haven't filed — if you didn't file the tort claim it wouldn't do us — there's no point. . . [U]nless you can tell me that you filed a notice of tort claim, you are prohibited from bringing this lawsuit. It has to be done first.

Accordingly, the district court granted Respondents' motion to dismiss. The Dodges timely appealed.

## II. ISSUES ON APPEAL

1. Whether the district court erred in dismissing the Dodges' case for failure to file notice of their tort claim pursuant to Idaho Code section 6-906.

2. Whether the district court erred by granting Respondents' motion to shorten time to hear arguments on their motion to dismiss.

3. Whether the district court erred by denying the Dodges a continuance of the hearing on December 20, 2018.

4. Whether the Respondents are entitled to attorneys fees on appeal.

## III. STANDARD OF REVIEW

> When this Court reviews an order dismissing an action pursuant to I.R.C.P. 12(b)(6), we apply the same standard of review we apply to a motion for summary judgment. After viewing all facts and inferences from the record in favor of the non-moving party, the

> Court will ask whether a claim for relief has been stated. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims.

*Losser v. Bradstreet*, 145 Idaho 670, 672–73, 183 P.3d 758, 760–61 (2008) (citations omitted). "[A] district court's dismissal of a complaint under I.R.C.P. 12(b)(6) shall be reviewed *de novo*." *Taylor v. McNichols*, 149 Idaho 826, 832, 243 P.3d 642, 648 (2010).

"The decision whether to grant a motion to continue is committed to the sound discretion of the trial court." *PHH Mortgage v. Nickerson*, 160 Idaho 388, 394, 374 P.3d 551, 557 (2016) (citing *Everhart v. Washington Cnty. Rd. & Bridge Dep't*, 130 Idaho 273, 275, 939 P.2d 849, 851 (1997)). This Court has also said that a trial court has discretion to grant a motion to shorten time when it finds that good cause exists. *Brinkmeyer v. Brinkmeyer*, 135 Idaho 596, 601, 21 P.3d 918, 923 (2001); *Sun Valley Potatoes, Inc. v. Rosholt, Robertson & Tucker*, 133 Idaho 1, 6, 981 P.2d 236, 241 (1999).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (emphasis in original).

## IV.    ANALYSIS

### A. The district court did not err in granting the Respondents' motion to dismiss for failure to comply with the notice requirement of the Idaho Tort Claims Act.

On appeal, the Dodges argue that the district court erred not only in granting the Respondents' motion to dismiss for failure to file a notice of tort claim as required by the Idaho Tort Claims Act (ITCA), but also that the district court erred in granting the motion to dismiss for failure to comply with the ITCA's bond requirement. Because we find the failure to file a notice of tort claim dispositive in this case, this Court need not address the bond issue.

The Dodges allege they suffered damages when Sergeant Cowell and Officer Blackmore acted in violation of a number of criminal and procedural statutes. Generally speaking, the ITCA abrogates sovereign immunity and renders governmental entities subject to liability for money

4

damages under specified circumstances.[1] *Van v. Portneuf Medical Center*, 147 Idaho 552, 557, 212 P.3d 982, 987 (2009) (citing *Athay v. Stacey*, 146 Idaho 407, 419, 196 P.3d 325, 337 (2008)). Recognizing that they seek money damages for the alleged harm, the Dodges properly cite to the ITCA as the law that governs their claims.

The ITCA provides that "no claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented and filed within the time limits prescribed by this act." I.C. § 6-908. Section 6-906 of the ITCA proscribes the applicable time limit:

> All claims against a political subdivision arising under the provisions of this act and all claims against an employee of a political subdivision for any act or omission of the employee within the course or scope of his employment shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later.

I.C. § 6-906.

"The failure to file within the ITCA time limitation acts as a bar to any further action." *Cobbley v. City of Challis*, 138 Idaho 154, 157, 59 P.3d 959, 962 (2002) (citing *McQuillen v. City of Ammon*, 113 Idaho 719, 722, 747 P.2d 741, 744 (1987)). "Compliance with the Idaho Torts Claims Act's notice requirement is a mandatory condition precedent to bringing suit, the failure of which is fatal to a claim, no matter how legitimate. . . . The notice requirement is in addition to the applicable statute of limitations." *Id.* (quoting *McQuillen*, 113 Idaho at 722, 747 P.2d at 744). Thus, to properly pursue a tort action against a governmental entity in Idaho, before filing a claim in district court, plaintiffs must first notify the entity of the claim within 180 days of when the injury occurred or reasonably should have been discovered. This Court has indicated that there are three purposes for this requirement:

> (1) save needless expense and litigation by providing an opportunity for amicable resolution of the differences between parties, (2) allow authorities to conduct a full investigation into the

---

[1] The ITCA preserves sovereign immunity in certain specified situations. *Lawton v. City of Pocatello*, 126 Idaho 454, 458, 886 P.2d 330, 334 (1994). One such exception, relevant in this case, is contained within Section 6-904(3) of the ITCA. Under Section 6-904(3), a governmental entity and its employees acting "without malice or criminal intent" is not liable for any claim arising out of "assault, battery, [or] false imprisonment…." I.C. § 6-904(3). Though the Dodges allege damages arising partially out of claims for assault, battery, and false imprisonment, this Court need not reach the issue of whether Sergeant Cowell or Officer Blackmore acted with malice or criminal intent because the Dodges failure to satisfy the ITCA's notice requirement bars their claim from being pursued.

5

cause of the injury in order to determine the extent of the state's liability, if any, and (3) allow the state to prepare defenses.

*Id.* at 157, 59 P.3d at 962 (quoting *Friel v. Boise City Housing Auth.*, 126 Idaho 484, 486, 887 P.2d 29, 31 (1994)).

Here, there was no evidence presented to the district court that the Dodges notified the officers or the City that they intended to pursue their claims prior to filing their complaint with the court. The cause of action arose from Mr. Dodge's arrest on June 17, 2018. The Respondent's answer filed September 24, 2018, specifically pled the affirmative defense of failure to file notice of the tort claim. At the hearing on the motions, Respondents' counsel indicated that the officers had not received prior notification, nor had the City received the Dodges' claims. When the Dodges were asked to respond, they asked for a continuance—they neither confirmed nor denied that notice had been given. Further, on appeal, they do not contend that they provided prior notice to the city or the officers. Instead, they argue that service of the complaint was sufficient notification of the suit and cite *Sysco Intermountain Food Service v. City of Twin Falls*, 109 Idaho 88, 705 P.2d 548 (Ct. App. 1985), for support.

*Sysco* was a Court of Appeals case which involved a collision between a vehicle owned by Sysco and driven by its employee and a vehicle owned by the City of Twin Falls, driven by a city employee. *Id.* at 89, 705 P.2d at 549. The Sysco employee informed the City's insurance carrier of his claim and was notified of its denial more than a month later. *Id.* Nine months after that, Sysco filed a written tort claims notice with the City. *Id.* The City did not respond, and the magistrate entered default judgment against the City. *Id.* When the City discovered the judgment, it appealed to the district court, which vacated the judgment. *Id.* The City then moved for summary judgment on the basis that Sysco had failed to file a timely notice of its tort claim, which the district court granted. *Id.* On appeal, the Court of Appeals held that the ITCA's notice requirement was met when the Sysco employee notified the City's insurance carrier of the claim. The court reasoned that "[w]hether the claim was made orally or in writing is irrelevant since [the insurance carrier] accepted and investigated the claim." *Id.* at 91, 705 P.2d at 551.

*Sysco* did not stand for the proposition that service of process of a complaint meets the ITCA's notice requirement, as the Dodges argue. Instead, it stood for the proposition that notice of a tort claim to a city's insurance carrier and the carrier's acceptance for investigatory purposes is sufficient notice under the ITCA. Because there is no evidence that the Dodges provided

notice to the City, its insurance carrier, or the officers of their tort claim before they filed their complaint in district court, the Dodges' reliance on *Sysco* is misplaced.

Furthermore, this Court declined to follow *Sysco* in *Friel v. Boise City Housing Authority*, 126 Idaho 484, 887 P.2d 29 (1994) ("This Court has previously rejected the proposition that notice of a potential insurance claim constitutes notice of a potential tort claim sufficient to satisfy the ITCA notice requirements."). Therefore, even if the Dodges had provided notice to the Respondents' insurance carrier before filing a complaint in district court, such notice would not have been sufficient to satisfy the ITCA notice requirements.

In short, "[t]he ITCA mandates that if a claimant does not provide the government with timely notice of its claim, it loses the right to assert the claim." *Allied Bail Bonds, Inc. v. County of Kootenai*, 151 Idaho 405, 410, 258 P.3d 340, 345 (2011) (citing I.C. § 6-908). The Dodges did not provide notice of their tort claim to the City or to the officers, so the plain language of the ITCA requires dismissal of the case. Accordingly, the district court's order dismissing the Dodges' case with prejudice is affirmed.

**B. The district court did not err by granting Respondents' motion to shorten time.**

The Dodges argue that the district court violated IRCP 12(b)(6) and IRCP 56 by granting Respondents' motion to shorten time. Specifically, the Dodges argue that Respondents' motion to dismiss was not filed 28 days before the hearing on the motion and that they were prejudiced by the court's decision, because they had only seven days to prepare a response.

The motion to dismiss, the motion to shorten time, and the order granting the motion to shorten time do not appear in the record. Because these items are not in the record, this Court cannot analyze whether the district court erred. "Error will not be presumed on appeal, but must be affirmatively shown in the record. The appellant has the burden of providing an adequate record on appeal from which the Court can conduct an intelligent review of a trial court's decision." *State v. Mowrey*, 128 Idaho 804, 805, 919 P.2d 333, 334 (1996). In the absence of evidence of error by the trial court, this Court can properly presume that the lower court based its decision on appropriate grounds. *See id.* ("[W]e refuse to speculate as to the reasons for the district court's decision and because we presume, in the absence of an adequate record, that the lower court based its decision on appropriate grounds, that decision is hereby affirmed.").

Accordingly, we affirm the district court's decision granting Respondents' motion to shorten time.

**C. The district court did not err in denying the Dodges' motion for a continuance.**

The Dodges argue that the district court abused its discretion by denying their motion for continuance for the sole reason of expediting the proceedings. Whether to grant a motion for a continuance is within the discretion of the trial court. *Everhart v. Washington Cty. Road and Bridge Dept.*, 130 Idaho 273, 275, 939 P.2d 849, 851 (1997).

> When this Court reviews an alleged abuse of discretion by a trial court the sequence of inquiry requires consideration of *four* essentials. Whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the outer boundaries of its discretion; (3) acted consistently with legal standards applicable to the specific choices available to it; and (4) reached its decision by the exercise of reason.

*Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018) (emphasis in original).

When the Dodges made their motion for a continuance, the district court engaged in a lengthy colloquy with them, explaining why continuing the matter would not change the facts, and could potentially expose them to paying the City's attorney fees. The district court recognized that whether to grant the Dodges' motion was an issue of discretion, and it acted within that discretion by denying the motion. The district court acted consistently with applicable legal standards—by citing and following the holding of a recent case that addressed both the ITCA notice and bond claims. And the district court reached its decision by an exercise of reason; it carefully explained that the ITCA was very clear that notice of the tort claim needed to be filed with the agency before it was filed in court, and that bond needed to be posted prior to filing the complaint, so that granting the Dodges extra time would not help them. The court also indicated that by proceeding *pro se* the Dodges could not claim attorneys fees, but prolonging the case may "run up" attorneys fees for the city, which the Dodges could be ordered to pay. Thus, the district court did not abuse its discretion in denying the Dodges' motion. We affirm the district court's decision denying the Dodges' motion for a continuance.

**D. We decline to award attorneys fees on appeal.**

Respondents request an award of attorneys fees pursuant to Idaho Code sections 12-117 and 12-121. However, Idaho Code section 6-918A is the exclusive provision for the award of attorneys fees for claims brought under the ITCA, including claims on appeal. *See Nation v. State*, 144 Idaho 177, 194, 158 P.3d 953, 970 (2007); *Jensen v. State*, 139 Idaho 57, 64–65, 72

8

P.3d 897, 904–05 (2003); *Beehler v. Fremont Cty.*, 145 Idaho 656, 661, 182 P.3d 713, 718 (Ct. App. 2008). Idaho Code section 6-918A provides:

> At the time and in the manner provided for fixing costs in civil actions, and at the discretion of the trial court, appropriate and reasonable attorney fees may be awarded to the claimant, the governmental entity or the employee of such governmental entity, as costs, in actions under this act, upon petition therefor and a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action. . . . The right to recover attorney fees in legal actions for money damages that come within the purview of this act *shall be governed exclusively by the provisions of this act and not by any other statute or rule of court*, except as may be hereafter expressly and specifically provided or authorized by the duly enacted statute of the state of Idaho.

I.C. § 6-918A (emphasis added).

As indicated, Section 6-918A provides for an award of reasonable attorneys fees only upon a showing of clear and convincing evidence that the party against whom the award is sought acted in bad faith in the "commencement, conduct, maintenance or defense of the action." *Id.*

Respondents have not shown by clear and convincing evidence that the Dodges acted with bad faith on appeal. Respondents' request for an award of attorneys fees is denied.

## V.    CONCLUSION

We affirm the orders of the district court granting the Respondents' motion to shorten time, denying the Dodges' motions for a continuance, and dismissing the Dodges' complaint with prejudice. No attorneys fees on appeal. Costs to Respondent.

Justices BRODY, BEVAN, STEGNER, and MOELLER **CONCUR**.