10 P.3d 749

John BRENNAN, Plaintiff–Appellant,

v.

OWENS–CORNING FIBERGLAS COR-PORATION; A.P. Green Refractories; Armstrong World Industries; Certain-teed Corporation; Fibreboard Corpora-tion; GAF Corporation; Garlock, Inc.; Asbestos Claims Management Corpora-tion fka National Gypsum Company; Owens–Illinois, Inc.; Pittsburgh Corn-ing Corporation; The Babcock & Wilcox Company; The E.J. Bartells Company; T & N, PLC, as Successor in interest to Turner & Newall, PLC and Turner & Newall, Ltd.; United States Gypsum Company; W.R. Grace & Co.—Conn.; and Does 1 through 100 inclusive, Defen-dants–Respondents,

and

Combustion Engineering, Inc.,
a Delaware Corporation,
Defendant.

No. 24165.

Supreme Court of Idaho,
Boise, March 2000 Term.

Sept. 6, 2000.

Nevin, Herzfeld & Benjamin, Boise, and Ness, Motley, Loadholt, Richardson & Poole, Charleston, S.C., for appellant. Alan C. Herzfeld argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for respondent E.J. Bar-tells Company. Warren E. Jones argued for all the respondents.

Hamlin & Sasser, Boise, for respondent Owens–Corning.

Givens, Pursley, LLC, Boise, for respon-dents Armstrong World Industries, A.P. Green Industries, GAF Corporation, Certain-teed Corporation, Asbestos Claims Manage-ment, T & N, PLC, and United States Gyp-sum.

Merrill & Merrill, Pocatello, for respon-dents Pittsburg Corning Corporation and Owens–Illinois, Inc.

Holland & Hart, Boise, for respondent Garlock, Inc.

Moffatt, Thomas, Barrett, Rock & Fields, Boise, for respondent W.R. Grace & Co.

Morgenstein & Jubelirer, San Francisco, CA, for respondent Owens–Illinois, Inc.

Baker & Hostetler, Denver, CO for re-spondents Armstrong World Industries, Green Industries, GAF Corp., T & N PLC., and United States Gypsum Company.

Racine, Olson, Nye, Budge & Bailey, Poca-tello, and George, Hull, Porter & Kohlie, Seattle, WA, for respondent A.P. Green In-dustries, Inc.

Hugh Mossman, Boise, for Amicus Curiae Idaho Trial Lawyers Association.

WALTERS, Justice.

This is an appeal from a summary judg-ment in favor of the defendants in an asbes-tosis personal injury case. The district court

dismissed the plaintiff's case based upon the two-year statute of limitation found in I.C. § 5–219(4). We affirm.

## BACKGROUND AND PRIOR PROCEEDINGS

John Brennan was exposed to asbestos during his employment as a union sheet metal worker for various employers in Idaho. On April 20, 1991, Brennan attended a medical screening for asbestos-related diseases sponsored by the Sheet Metal Workers' Union. In a letter dated July 26, 1991, Dr. Richard King told Brennan that the preliminary screening showed scarring of the lung consistent with asbestos exposure. Dr. King recommended that Brennan seek a further evaluation and referred him to Dr. Richard Robinson. Brennan was examined by Dr. Robinson on June 15, 1992. In a report dated June 29, 1992, Dr. Robinson noted that Brennan was a heavy smoker and concluded that his lung disease was more likely related to his smoking than to asbestos exposure. Brennan's attorney forwarded his medical records to Dr. Laura Welch at George Washington University Medical Center in Washington, D.C. Dr. Welch did not perform any tests on Brennan. Her evaluation was based entirely upon the tests and evaluations done by Drs. King and Robinson. In a letter dated October 7, 1992, Dr. Welch stated that Brennan had some smoking-related lung disease, but the majority of his impairment was due to asbestosis.

Brennan filed a complaint against several different defendants on July 15, 1993. Brennan's complaint was not served within six months and was dismissed pursuant to I.R.C.P 4(a). On October 3, 1994, Brennan filed a second complaint seeking damages for his alleged asbestos-related lung disease. On a motion made by one of the defendants, the district court found that Brennan's complaint was barred by the two-year statute of limitation on personal injuries found in I.C. § 5–219.

The district court determined that objective medical proof supporting the existence of Brennan's asbestos-related injury existed no later than the date of Dr. Robinson's July 1992 report. Consequently, the district court granted summary judgment for the defendants. On appeal, Brennan argues that the statute of limitation did not begin to run until he received Dr. Welch's report indicating that his impairment was due to asbestosis.

## ISSUE ON APPEAL

Did the district court err in granting the defendants' motion for summary judgment on the ground that Brennan's complaint of October 3, 1994, was barred under the two-year statute of limitation for personal injuries set forth in Idaho Code § 5–219(4)?

## STANDARD OF REVIEW

■ Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." I.R.C.P. 56(c). Where there are no disputed issues of material fact, what remains is a question of law, over which this Court exercises free review. *Friel v. Boise City Housing Authority*, 126 Idaho 484, 485, 887 P.2d 29, 30 (1994).

## DISCUSSION

Idaho Code § 5–219(4) provides that all tort actions for professional malpractice or personal injury accrue "as of the time of the occurrence, act or omission complained of." In *Davis v. Moran*, 112 Idaho 703, 735 P.2d 1014 (1987), this Court stated that the cause of action accrues under § 5–219(4) on the date that the injury became "objectively ascertainable." This means that the cause of action accrues when "objective medical proof would support the existence of an actual injury." *Id.* at 706 n.4, 735 P.2d at 1020 n.4.

■ In his report of July 26, 1991, Dr. King advised that he had performed an examination of Brennan in order to detect asbestos-related diseases. His preliminary findings were that Brennan's chest x-ray "showed scarring of the lung, of the kind that can be seen after asbestos exposure." He further stated: "the changes in your lung are consistent with the type of injury and disease

that can be seen after asbestos exposure." He opined that the presence of pleural plaques or scarring in the lining surrounding Brennan's lung "tells us that you have had a lot of asbestos exposure, and so you are at increased risk for lung cancer, other cancers, and a worsening of your scarring as years go by." In addition to recommending a follow-up-evaluation, Dr. King wrote:

> Anyone with past exposure to asbestos, with or without disease from asbestos, needs periodic medical care. Everyone over 40 needs a yearly examination of stool for microscopic blood, and a rectal examination, to find possible signs of colon cancer. In addition, you should see your personal doctor if you develop persistent chest pains, a persistent cough, or any other persistent problem.

Doctor King's findings reflect objective medical proof that would support the existence of an actual injury resulting from exposure to asbestos.

We conclude that the accrual of Brennan's cause of action commenced at the time Dr. King rendered his report, for the purpose of the limitation expressed in I.C. § 5–219(4). It follows that the limitation period was not extended until the existence of an asbestos-related medical condition demonstrating actual injury was later confirmed by Dr. Welch. The district court correctly entered summary judgment dismissing Brennan's complaint.

## CONCLUSION

The summary judgment dismissing Brennan's complaint is affirmed. Costs to respondents. No attorney fees on appeal are allowed.

Chief Justice TROUT and Justices SILAK, SCHROEDER and KIDWELL concur.