958 P.2d 1142

**Michelle OSBORN, Plaintiff–Appellant,**

v.

**Oscar SALINAS, individually as an agent of Centennial High School, and Centennial High School, Meridian School District Board of Education, as it was configured in the years 1989, 1990, and 1991, in their official capacity, Defendants–Respondents.**

No. 23686.

Supreme Court of Idaho,
Boise, March 1998 Term.

May 19, 1998.

---

Debrha Carnahan Law Offices, Boise, for appellant. Audrey L. Numbers argued.

Quane, Smith, Howard & Hull, Boise, for respondents. Phillip J. Collaer argued.

SCHROEDER, Justice.

This is an appeal from the district court's grant of summary judgment in favor of Centennial High School and the Meridian School District (the School District). The district court held that (1) Michelle Osborn failed to give timely notice of her tort claim pursuant to section 6–906A of the Idaho Tort Claims

Act (ITCA), and (2) any federal claims brought by Osborn were barred by the statute of limitations.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Michelle Osborn attended Centennial High School from 1989 to 1991. During that time Oscar Salinas was employed as a teacher at Centennial High School by the Meridian School District. On December 13, 1995, Osborn filed a complaint against Salinas alleging assault, battery and sexual abuse. Osborn also filed a complaint against the School District alleging negligence and civil rights violations under 42 U.S.C. § 1983.

The School District moved for summary judgment on the basis that: (1) Osborn failed to give timely notice of her claims pursuant to section 6–906A of the ITCA, and (2) the § 1983 claims are barred by the statute of limitations. The district court granted summary judgment in favor of the School District.

Osborn argues that: (1) section 6–906A of the ITCA does not govern sexual abuse actions brought by minors; instead, Chapter 17 of the Idaho Code, entitled "Tort Actions in Child Abuse Cases," is applicable as it was specifically intended to address the sexual abuse actions brought by minors, (2) the applicable statute of limitations for a § 1983 claim involving sexual abuse is section 6–1704 of the Idaho Code (I.C.), and (3) a showing of gross negligence is sufficient to maintain an action under 42 U.S.C. § 1983.

## II.

### STANDARD OF REVIEW

■ On appeal from a summary judgment order, this Court applies the same standard of review as that used by the district court when originally ruling on the motion. *Avila v. Wahlquist,* 126 Idaho 745, 747, 890 P.2d 331, 333 (1995); *Farm Credit Bank of Spokane v. Stevenson,* 125 Idaho 270, 272,

869 P.2d 1365, 1367 (1994). The Court must liberally construe the facts in the existing record in favor of the nonmoving party and draw all reasonable inferences from the record in favor of the nonmoving party. *Avila,* 126 Idaho at 747, 890 P.2d at 333; *Bonz v. Sudweeks,* 119 Idaho 539, 541, 808 P.2d 876, 878 (1991). Summary judgment is appropriate if "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the nonmoving party is entitled to a judgment as a matter of law." *McCoy v. Lyons,* 120 Idaho 765, 769, 820 P.2d 360, 364 (1991) (quoting I.R.C.P. 56(c)). If there are conflicting inferences contained in the record or reasonable minds might reach different conclusions, summary judgment must be denied. *Bonz,* 119 Idaho at 541, 808 P.2d at 878.

## III.

### IDAHO CODE § 6–906A APPLIES TO ALL ACTIONS BROUGHT BY MINORS, INCLUDING ACTIONS ALLEGING SEXUAL ABUSE.

■ The Idaho Tort Claims Act requires any party bringing a claim against a governmental entity to file a timely notice of a tort claim. Pursuant to this Act a minor must give notice within "one hundred and twenty (120) days after said person reaches the age of majority or six (6) years from the date the claim arose or should reasonably have been discovered, whichever is earlier." I.C. § 6–906A.[1] It is undisputed that under I.C. § 6–906A, Osborn failed to give timely notice to the School District of her tort claim.

Osborn argues that I.C. § 6–906A should not govern sexual abuse actions brought by minors. Instead, Chapter 17 of the Idaho Code entitled "Tort Actions in Child Abuse Cases," should apply because it specifically deals with sexual abuse actions brought by minors. Idaho Code § 6–1701 provides in relevant part: "An action may be brought by or on behalf of any child against a person who has . . . [s]exually abused any child. . . ." The statute of limitations for such an action

---

1. Idaho Code § 6–906A was amended in 1997 to allow "one hundred and eighty (180) days after

said person reaches the age of majority" to give notice.

provides that "an action under the provisions of this chapter must be commenced within five (5) years from the date that an aggrieved child reaches the age of eighteen (18) years." I.C. § 6–1704.

To support her argument that I.C. § 6–1704 is applicable, Osborn relies on *Doe v. Durtschi*, 110 Idaho 466, 716 P.2d 1238 (1986). In *Durtschi* the Court applied the general tolling statute, I.C. § 5–230, to toll the running of time within which § 6–906A of the ITCA required minors to give notice to the school district regarding negligence claims. Osborn's reliance on *Durtschi* is misplaced. The action arose before the enactment of I.C. § 6–906A, and the *Durtschi* Court noted that "[w]ith the passage of I.C. § 6–906A, the legislature expressly applied the general tolling statute's policy of protecting minors to the notice of claim requirement in the ITCA. As a result, the subsequent discussion of § 6–906's implications for minors pertains only to actions arising before the effective date of § 6–906A, which is July 1, 1985." *Id.* at 475 n. 5, 716 P.2d at 1247 n. 5 (citation omitted). As the *Durtschi* Court explained, the legislature enacted I.C. § 6–906A to protect the rights of injured minors until they are old enough to take appropriate action. Accordingly, there is no reason to apply I.C. § 6–1704, when a statute exists that specifically applies to minors filing actions against governmental entities.

Furthermore, I.C. § 6–1704 sets a time limit within which to file an action, not to file notice of a tort claim. Even if it were intended to toll the time in which minors must give notice of their claims, the statute applies to the perpetrators of sexual abuse and does not govern claims against third parties.

## IV.

### THE APPLICABLE STATUTE OF LIMITATIONS FOR SECTION 1983 CLAIMS IS I.C. § 5–219(4).

■ In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the United States Supreme Court sought to select the *one* most appropriate state statute of limitations for all § 1983 claims. The Court held that § 1983 claims are best character-ized as personal injury claims, and as such each state shall apply their statute of limitations governing personal injury actions. Following the United States Supreme Court's decision in *Wilson,* Idaho courts have held that § 1983 actions must meet the two-year statute of limitations for personal injury actions set forth in I.C. § 5–219(4). *Henderson v. State,* 110 Idaho 308, 715 P.2d 978 (1986); *Herrera v. Conner,* 111 Idaho 1012, 729 P.2d 1075 (Ct.App.1986).

Nevertheless, Osborn argues that the applicable statute of limitations in § 1983 actions involving sexual abuse is I.C. § 6–1704. She reasons that minors who experience sexual abuse lack the judgment and awareness to protect their rights by filing a timely claim. While Osborn's policy argument may be compelling, it ignores the United States Supreme Court's holding that all § 1983 claims should be characterized in the same way; they will not be evaluated differently depending upon the varying factual circumstances and legal theories presented in each case. *Wilson,* 471 U.S. at 275, 105 S.Ct. 1938. "[U]nder such an approach different statutes of limitations would be applied to the various § 1983 claims arising in the same State, and multiple periods of limitations would often apply to the same case." *Id.* at 274, 105 S.Ct. 1938. Thus, the very approach that Osborn seeks, is the approach the United States Supreme Court specifically ruled against.

■ Furthermore, this Court lacks the authority to characterize § 1983 claims. "[T]he problem of characterization 'is ultimately a question of federal law.'" *Id.* at 269–70, 105 S.Ct. 1938 (citing *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 706, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966)). In the interest of uniformity the United States Supreme Court characterized all § 1983 claims as personal injury. "[T]he federal interest in uniformity and the interest in having 'firmly defined, easily applied rules,' support the conclusion that Congress intended the characterization of § 1983 to be measured by federal rather than state standards." *Id.* at 270, 105 S.Ct. 1938 (internal citation omitted). Therefore, state courts may not re-characterize any § 1983 claim.

---

Because Osborn's § 1983 claim is time barred, it is not necessary to address whether something less than intentional conduct is enough to trigger the protections of the constitution.

## V.

## CONCLUSION

The district court's order granting summary judgment is affirmed. Costs are awarded to the respondents.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.