# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 46026

| | |
|---|---|
| D.A.F., D.L.B., H.D.O., A.W., J.L., and J.H., )<br><br>   **Plaintiffs-Respondents,**  )<br><br>**and**  )<br><br>A.F.,  )<br><br>   **Plaintiff,**  )<br><br>**v.**  )<br><br>VALERIE LIETEAU, individually, and in her )<br>individual capacity as an employee of IDJC– )<br>NAMPA; JULIE McCORMICK, individually, )<br>and in her official capacity; and the IDAHO )<br>DEPARTMENT OF JUVENILE )<br>CORRECTIONS, an executive department of )<br>the STATE OF IDAHO, )<br><br>   **Defendants-Appellants,** )<br><br>**and** )<br><br>ESPERENZA JIMENEZ, an individual; )<br>MILAN INSTITUTE, a California business; )<br>SHARON HARRIGFIELD, in her individual )<br>capacity as Director of the Idaho Department )<br>of Juvenile Corrections; BETTY GRIMM, in )<br>her individual and official capacity as the )<br>former Superintendent of the Idaho )<br>Department of Juvenile Corrections Center– )<br>Nampa; and JOHN DOES 1-10, inclusive, )<br><br>   **Defendants.** ) | Boise, June 2019 Term<br><br>Filed: October 7, 2019<br><br>Karel A. Lehrman, Clerk |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Samuel Hoagland, District Judge.

The order of the district court is <u>reversed</u> and the case is <u>remanded</u>.

Brassey Crawford, PLLC, Boise, for appellant Valerie Lieteau. Andrew C. Brassey argued.

1

Kelly Law, PLLC, Garden City, for appellant Julie McCormick. Michael E. Kelly argued.

Moore Elia Kraft & Hall, LLP, Boise, for appellant Idaho Department of Juvenile Corrections. Michael J. Elia argued.

Rossman Law Group, PLLC, Boise and Skaug Law, P.C., Nampa, for respondents D.A.F., D.L.B., H.D.O., A.W., and J.L. Eric S. Rossman argued.

---

STEGNER, Justice.

This case involves the question of whether a person bringing a tort claim against a governmental entity for alleged child abuse must comply with the notice requirements of the Idaho Tort Claims Act. In this case, seven individuals (who will collectively be referred to as the Juveniles)[1] filed suit in district court, alleging that they had been sexually abused while they were minors in the custody of the Idaho Department of Juvenile Corrections. In its ruling on summary judgment, the district court found that the Juveniles' claims based on Idaho Code section 6-1701 were not barred by the notice requirements of the Idaho Tort Claims Act. The Idaho Department of Juvenile Corrections and its employees moved for permission to appeal, which was granted, and they now argue that the district court erred by allowing the Juveniles' claims to proceed. We hold that because of the plain language of the ITCA, the notice requirement applies to claims based on tort actions in child abuse cases. Accordingly, we reverse the district court's decision and remand the case for further proceedings consistent with this opinion.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

This action originally involved seven male plaintiffs alleging sexual abuse while they were minors in the custody of the Nampa facility of the Idaho Department of Juvenile Corrections. A.F. and J.H. are no longer parties to this appeal.[2] The relevant information pertaining to the five remaining Juveniles is as follows:

---

[1] Although none of the plaintiffs are now minors, for ease of reference the opinion will refer to them collectively as the Juveniles.

[2] A.F., one of the original plaintiffs, did not appeal the dismissal of his claims. J.H. passed away during the pendency of the case and there is no suggestion that a personal representative of his estate has been substituted for him to pursue his claims.

2

- D.A.F. was in IDJC custody from December 4, 2008, to January 8, 2010. He turned eighteen on April 5, 2010. He filed a Notice of Tort Claim on September 26, 2014.

- D.L.B. was in IDJC custody from February 11, 2009, to March 12, 2010. He turned eighteen on June 30, 2010. He filed a Notice of Tort Claim on October 28, 2014.

- H.D.O. was in IDJC custody from April 1, 2009, to July 2010. He turned eighteen on March 10, 2010. He filed a Notice of Tort Claim on October 28, 2014.

- A.W. was in IDJC custody from September 17, 2008, to February 25, 2009. He turned eighteen on January 29, 2009. He filed a Notice of Tort Claim on October 28, 2014.

- J.L. was in IDJC custody from January 24, 2011, to March 22, 2011. He turned eighteen on May 13, 2011. He filed a Notice of Tort Claim on July 21, 2015.

Importantly, all of the notices of tort claims were filed more than four years after each Juvenile turned eighteen.

D.A.F., D.L.B., H.D.O., and A.W. filed their original complaint on March 19, 2015. J.L. was added as a plaintiff in the Second Amended Complaint. The Second Amended Complaint contains the two causes of action that are the subject of this appeal: Count Four, which alleged that Valerie Lieteau (Lieteau) and Julie McCormick (McCormick), employees of the IDJC, committed lewd and lascivious acts upon the Juveniles, which gave rise to liability for their actions under Idaho Code section 6-1701; and Count Five, which alleged that IDJC was vicariously liable for the actions of its employees under section 6-1701(2).

Subsequently, the IDJC, Lieteau, and McCormick filed separate motions for summary judgment. All three motions alleged that the Juveniles' claims should be dismissed because they were barred by the applicable statute of limitations and the failure of the Juveniles to file timely notices of tort claims. The Juveniles replied arguing that their claims based on Idaho Code section 6-1701 (Counts Four and Five of the Second Amended Complaint) should not be dismissed because the ITCA's notice requirement did not apply to those causes of action. The district court dismissed all of the Juveniles' claims other than Counts Four and Five; however, the district court ruled that the Juveniles' claims based on section 6-1701 were not subject to the ITCA's notice requirements. As a result, the district court allowed those claims to proceed against Lieteau, McCormick, and the IDJC. Following that decision, the IDJC moved the district court for permission to appeal the court's interlocutory decision. McCormick and Lieteau joined that motion. The district court granted the motion for permissive appeal and stayed further

3

proceedings. This Court granted the motion for permissive appeal, which was not contested by the Juveniles.

## II. STANDARD OF REVIEW

This Court employs the same standard as the district court when reviewing rulings on summary judgment motions. *La Bella Vita, LLC v. Shuler*, 158 Idaho 799, 804–05, 353 P.3d 420, 425–26 (2015) (citing *Wesco Autobody Supply, Inc. v. Ernest,* 149 Idaho 881, 890, 243 P.3d 1069, 1078 (2010)). "The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). "All reasonable inferences that can be drawn from the record are to be drawn in favor of the nonmoving party, and disputed facts are liberally construed in the nonmoving party's favor." *Marek v. Hecla, Ltd.*, 161 Idaho 211, 214, 384 P.3d 975, 978 (2016) (citation omitted). Questions of law are reviewed *de novo*. *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012) (citation omitted). The interpretation of a statute is a question of law and is reviewed *de novo*. *Hayes v. City of Plummer*, 159 Idaho 168, 170, 357 P.3d 1276, 1278 (2015) (citation omitted).

## III. ANALYSIS

### A. Idaho Code section 6-1701 claims are subject to the ITCA's notice requirement.

The outcome of this appeal and the viability of the Juveniles' claims turn on whether claims brought pursuant to section 6-1701 are subject to the ITCA's notice requirement. No one argues that the Juveniles complied with the notice requirement of the ITCA. Consequently, if the notice requirement applies, the Juveniles' claims would be barred. Accordingly, we must turn to the interpretation of the ITCA and its application in *Van v. Portneuf Medical Center*, 147 Idaho 552, 212 P.3d 982 (2009), which was relied on by the district court. We hold the plain language of the ITCA requires a notice of tort claim for a claim brought pursuant to section 6-1701. Accordingly, the failure to timely file a notice of tort claim bars the Juveniles' causes of action against IDJC and Lieteau and McCormick in their official capacity. Claims against Lieteau and McCormick in their individual capacity have not been addressed in this appeal.

The Idaho Legislature enacted the ITCA as a comprehensive abrogation of sovereign immunity regarding tort actions. *See* I.C. §§ 6-901 to 929. The ITCA now governs when the government may be sued for a tort. Idaho Code section 6-908 states, "[n]o claim or action shall be allowed against a governmental entity or its employee unless the claim has been presented

4

and filed within the time limits prescribed by this act." In other words, the failure to file a notice of tort claim as prescribed by sections 6-905 through 6-906A bars a tort claim from being brought against a governmental entity or its employees who are acting within the scope of their employment. *See id.* Idaho Code section 6-906A establishes the time frame in which a minor must file a notice of claim:

> No person who is a minor shall be required to present and file a claim against a governmental entity or its employee under this chapter until one hundred eighty (180) days after said person reaches the age of majority or six (6) years from the date the claim arose or should reasonably have been discovered, *whichever is earlier*.

I.C. § 6-906A (italics added). It is undisputed that the Juveniles failed to give timely notice of a tort claim to the IDJC. Thus, we must turn to the question of whether this notice requirement applies to section 6-1701 claims.

1. <u>The plain language of the ITCA provides that statutorily created tort claims, including section 6-1701 claims, are subject to its notice requirements.</u>

Based on *Van*, the Juveniles attempt to distinguish statutorily based tort causes of action, like section 6-1701 claims, from common law tort claims, in order to remove the 6-1701 claims from the notice requirements of the ITCA. However, the plain language of the ITCA does not support this distinction.

> Our rules of statutory construction are well established:

> Statutory interpretation begins with the literal language of the statute and provisions should not be read in isolation, but must be interpreted in the context of the entire document. Words should be given their plain, usual, and ordinary meanings and only if the language is ambiguous may this court consider rules of statutory construction.

*Hayes*, 159 Idaho at 170–71, 357 P.3d at 1278–79 (internal quotation marks and citations omitted).

Accordingly, an examination of the relevant provisions of the ITCA is necessary. First, section 6-906A requires a minor to file a notice of tort claim if his or her "claim" is "against a governmental entity or its employee *under this chapter* . . . ." I.C. § 6-906A (italics added). The ITCA defines "claim" as "any written demand to recover money damages from a governmental entity or its employee which any person is *legally entitled to recover under this act* as compensation for the *negligent or otherwise wrongful act* or omission of a governmental entity

5

or its employee . . . ." I.C. § 6-902(7) (italics added). In other words, a minor is required to file a notice of tort claim if the minor is pursuing a cause of action by which he is "entitled to recover under" the ITCA. I.C. §§ 6-902(7), 6-906A.

Section 6-903(1) sets the scope of liability for government entities and thus illuminates when a plaintiff is "entitled to recover under" the ITCA. Section 6-903(1) creates liability for a governmental entity "if a private person or entity would be liable for money damages *under the laws of the state of Idaho*," so long as that liability stems from "negligent or otherwise wrongful acts or omissions" on the part of the governmental entity or its employees. I.C. § 6-903(1) (italics added). This phrase "under the laws of the state of Idaho" is unambiguously broad and plainly encompasses both common law claims and statutorily created tort claims. Therefore, the plain language of the ITCA requires a notice of tort claim for both common law claims and statutorily created tort claims, so long as the basis of the claim is the negligence or otherwise wrongful act of the governmental entity or employee. Under the plain language of the ITCA as a whole, section 6-1701 claims must comply with the ITCA notice requirements.

This outcome garners even more support when reviewing the creation of section 6-1701 claims: the legislature created these causes of action in 1989, four years after it enacted ITCA's specific notice requirements for minor's tort claims against the government and its employees. 1985 Idaho Sess. Laws 151 (codified as I.C. § 6-906A); 1989 Idaho Sess. Laws 60 (codified as I.C. § 6-1701). In addition, the title of the statutory scheme clearly indicates the legislature recognized the applicability of the ITCA. The title used by the legislature was Tort Actions in Child Abuse cases. Thus, the legislature gave clear guidance that this statute involves a tort. When a statute is unambiguous and the plain language governs, this Court assumes "the legislature knew of all legal precedent and other statutes in existence at the time the statute was passed." *See Twin Lakes Canal Co. v. Choules*, 151 Idaho 214, 218, 254 P.3d 1210, 1214 (2011) (quoting *City of Sandpoint v. Sandpoint Indep. Highway Dist.*, 126 Idaho 145, 150, 879 P.2d 1078, 1083 (1994)). Accordingly, we assume the legislature created the section 6-1701 causes of action knowing that minor's tort claims against government entities were already subject to notice requirements.

## 2. Case law supports the conclusion that Idaho Code section 6-906A's notice requirement would apply to both common law and statutorily created torts.

This Court has previously held that Idaho Code section 6-906A's notice requirement for minor's claims applied to a common law cause of action for sexual abuse against a governmental entity. *Osborn v. Salinas*, 131 Idaho 456, 458, 958 P.2d 1142, 1144 (1998). Unlike the Juveniles, the plaintiff in *Osborn* did not bring any claims under Idaho Code section 6-1701. *See id.* at 457, 958 P.2d at 1143. However, this Court recognized that the requirement to file *a notice of tort claim* is separate from a statute of limitation, e.g., Idaho Code section 6-1704's time limit for filing *the cause of action*—and found the notice requirement was still applicable. *Id.* at 458, 958 P.2d at 1144. Further, this Court has previously held that a plaintiff "must assert a tort under the common law or *created by a separate statute*" to avail himself of the limited abrogation of sovereign immunity recognized in the ITCA. *Stoddart v. Pocatello Sch. Dist. #25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010) (italics added) (citing I.C. § 6-903(f) (now subsection (6))). Thus, this Court has previously recognized that the ITCA applies to a tort action, whether based on common law or statute.

In contrast, this Court considered whether a statutorily based whistleblower claim is subject to the notice requirements of the ITCA. *Van*, 147 Idaho at 556–58, 212 P.3d at 986–88.[3] This Court noted,

> [n]ot all actions are covered by the ITCA. Instead, the ITCA covers any "claim," which it defines as "any written demand to recover money damages from a governmental entity or its employee which any person is legally entitled to recover under this act as compensation for the negligent or otherwise wrongful act or omission of a governmental entity or its employee when acting within the course or scope of his employment." I.C. § 6–902(7).

*Id.* at 557, 212 P.3d at 987. We then set forth the reasoning as to why a governmental employee's whistleblower claim under section 6-2105 was not subject to the notice requirements of the ITCA:

> We hold that a whistleblower claim is an action based on a specific statute and therefore it is unnecessary to classify a Whistleblower Act claim as either a contract or tort. Although the district court focused on the fact that the statute establishes "an action separate from" the usual breach of employment contract claim, the statutory nature of the cause of action does not automatically render it

---

[3] This Court discussed and affirmed the *Van* decision in *Eller v. Idaho State Police*, 165 Idaho 147, 155, 443 P.3d 161, 169 (2019).

subject to the ITCA. In fact, we hold the opposite to be true: the whistleblower claim is purely a statutory remedy against governmental employers and there is no reason to assume that the Legislature intended those alleging claims under the statute to have to comply with the notice provision of the ITCA where the Legislature did not specifically require it. In fact, the Legislature has acknowledged statutory claims as a separate category of claims by setting a separate statute of limitations, Idaho Code section 5–218(1), as opposed to contract actions, Idaho Code sections 5–216 & 17, and claims sounding in tort, Idaho Code section 5–219(4). Therefore, the district court erred in holding that compliance with the notice provision in Idaho Code section 6–906 was a prerequisite to bringing suit under the Whistleblower Act.

*Id.* at 558, 212 P.3d at 988 (footnote omitted).

The district court relied on our decision in *Van* to conclude that section 6-1701 claims are not subject to ITCA's notice requirement. However, *Van*'s analysis is relatively unhelpful here, as it purports to derive legislative intent regarding the applicability of the ITCA without addressing the plain language of the statute. *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011) ("[W]here statutory language is unambiguous, legislative history and other extrinsic evidence should not be consulted for the purpose of altering the clearly expressed intent of the legislature.").

In addition, there are significant legal distinctions between the case at bar and the *Van* decision. First, the cause of action in *Van* was less akin to a tort, and thus less likely to be subject to the ITCA. *See Van*, 147 Idaho at 558, 212 P.3d at 988 (declining to classify a whistleblower claim as either a contract or a tort claim). Conversely, section 6-1701 claims, while statutorily created instead of common law based, are still tort claims. The Act's title makes this conclusion clear: "*Tort* Actions in Child Abuse Cases." I.C. § 6-1701. Consequently, section 6-1701 claims are subject to the ITCA as tort claims when based on the "negligent or otherwise wrongful acts or omissions" of a governmental entity or its employee, while contract claims and statutory claims dissimilar to torts (as in *Van*) are not. I.C. § 6-903(1).

Second, the whistleblower cause of action in *Van* concerned "purely a statutory remedy against governmental employers"; thus, it acted as a separate and distinct cause of action as well as a waiver of sovereign immunity outside the scope of the ITCA. *See Van*, 147 Idaho at 558, 212 P.3d at 988; *Sanchez v. State, Dep't of Corr.*, 143 Idaho 239, 244, 141 P.3d 1108, 1113 (2006) ("It is the general rule that, under the doctrine of sovereign immunity, a governmental unit can only be sued upon its consent."). This is unlike section 6-1701 claims, which give rise to

8

general causes of action against any applicable party and do not contain specific provisions regarding suits against governmental entities that might act as waivers of sovereign immunity. Given this distinction, section 6-1701 claims are subject to the ITCA, while whistleblower claims are not.

The Juveniles contend that this last distinction is irrelevant and *Van*'s reasoning—that statutory causes of action are not subject to the ITCA—still controls because *Smith v. State*, 93 Idaho 795, 473 P.2d 937 (1970) abrogated sovereign immunity regarding tort actions. The argument fails because *Smith* noted its abrogation could be (and in fact was) superseded by statute. 93 Idaho at 808, 473 P.2d at 950 (abolishing the common law doctrine of sovereign immunity for the torts "unless legislation is enacted . . . with respect to the abolition of the sovereign immunity of the state"). Therefore, once the ITCA was enacted, it governed the abrogation of sovereign immunity for tort claims. Indeed, the Juveniles admit as much in their briefing. ("[S]overeign immunity is . . . entirely abrogated except as set forth in the Idaho Tort Claims Act."). The plain language of the ITCA thus continues to control.

Relying on *Van*, the Juveniles also contend that section 6-1704, the statute of limitations for section 6-1701 claims, is further evidence that section 6-1701 claims are not tort claims subject to the ITCA. *See Van*, 147 Idaho at 558, 212 P.3d at 988 ("[T]he Legislature has acknowledged statutory claims as a separate category of claims by setting a separate statute of limitations . . . as opposed to . . . claims sounding in tort . . . ."). However, filing a notice of tort claim is a separate procedural requirement from a statute of limitations. *Osborn*, 131 Idaho at 458, 958 P.2d at 1144. Accordingly, the existence of the specific statute of limitation found in section 6-1704 has nothing to do with the notice requirement and fails to negate the plain language of the ITCA.

We are mindful of the impact of this conclusion on sexual abuse claims by minors. To strictly apply the notice requirements to minors will likely result in the dismissal of potentially meritorious claims, through no fault of the minors. The Juveniles have raised serious issues about a statutory scheme that tolls a statute of limitation (I.C. § 6-1704) because of the injured party's minority, while still requiring that the party provide notice of his claim within 180 days of reaching majority or six years after the date the claim arose, *whichever is earlier*. I.C. § 6-906A. In many cases, the minors would be better off under the notice requirement that applies to adults, which states that notices of claims must be filed "within one hundred eighty (180) days from the

9

date the claim arose or reasonably should have been discovered, *whichever is later.*" I.C. § 6-906 (italics added). Idaho Code section 6-1704 states that

> an action under the provisions of this chapter must be commenced within five (5) years from the date that an aggrieved child reaches the age of eighteen (18) years or, after the child reaches the age of eighteen (18) years, within five (5) years of the time the child discovers or reasonably should have discovered the act, abuse or exploitation and its causal relationship to an injury or condition suffered by the child, whichever occurs later.

Therefore, it is possible that a statute of limitations may not begin to run until years after the minor is required to file a notice of tort under the ITCA.

Nevertheless, this Court is obligated to apply the plain language of the unambiguous statute. *See Verska,* 151 Idaho at 893, 265 P.3d at 506. Accordingly, section 6-1701 claims are subject to the ITCA's notice requirements. As a result, the Juveniles' remaining claims against IDJC and claims against Lieteau and McCormick in their official capacity must be dismissed upon remand.

### B. Count Five is also subject to the notice requirement.

The district court held that Count Five, although based on section 6-1701(2), which states a cause of action "under the common law," was not subject to the notice requirements because Count Five could have also alleged a cause of action under section 6-1701(1). It appears the district court denied the IDJC's motion for summary judgment because Count Five could represent a statutorily based tort as opposed to one brought under the common law, thus removing it from the notice requirements under *Van.*

Our analysis above demonstrates that both statutory and common law tort claims are subject to the notice requirements. Thus, claims based on section 6-1701(2) must satisfy the notice requirement—whether or not the claim is grounded in common law. Because the notice requirement was not met, Count Five along with Count Four must be dismissed because both counts are against a governmental entity or a governmental employee.

### C. Neither party is entitled to an award of attorney fees.

The parties request attorney fees on appeal under Idaho Code section 6-1703. Section 6-1703 reads, "[t]he prevailing party in a child abuse tort action shall be entitled to costs and reasonable attorneys' fees." I.C. § 6-1703. However, the Juveniles contend that if we determine that tort claims brought pursuant to Idaho Code section 6-1701 fall within the purview of the

10

ITCA, we must turn to Idaho Code section 6-918A to determine whether a party is entitled to attorney fees. We agree.

> Idaho Code section 6-918A states, in relevant part,

> at the discretion of the trial court, appropriate and reasonable attorney fees may be awarded to the claimant, the governmental entity or the employee of such governmental entity, as costs, in actions under this act, upon petition therefor and a showing, by clear and convincing evidence, that the party against whom or which such award is sought was guilty of bad faith in the commencement, conduct, maintenance or defense of the action. . . . The right to recover attorney fees in legal actions for money damages that come within the purview of this act shall be governed exclusively by the provisions of this act and not by any other statute or rule of court, except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho.

Idaho Code section 6-918A is the appropriate statute to award attorney fees in claims that are under the purview of the ITCA unless there is an express exception created by the legislature. As noted by the Idaho Court of Appeals, "[t]his statute conveys two clear messages of importance to the present case. First, it provides that no award of attorney fees may be made unless 'the party against whom . . . such award is sought was guilty of bad faith.'" *Kent v. Pence*, 116 Idaho 22, 23, 773 P.2d 290, 291 (Ct. App. 1989) (alteration in original) (quoting I.C. § 6-918A). Second,

> any right to recover attorney fees in an action for money damages under the Idaho Tort Claims Act is governed "exclusively" by I.C. § 6–918A. It is not subject to "any other statute or rule of court, except as may be hereafter expressly and specifically provided or authorized by duly enacted statute of the state of Idaho."

*Id.* In *Kent*, the Court of Appeals held that Idaho Code section 12-121 contained no express or specific language providing an exception to the exclusive scope of Idaho Code section 6-918A. *Id.* Accordingly, section 12-121 "yields" to section 6-918A in tort claim cases against governmental entities or their employees. *Id.*

Like Idaho Code section 12-121, Idaho Code section 6-1703 contains no express or specific language providing an exception to the application of section 6-918A. The legislature had the opportunity to include such an exception in Idaho Code section 6-1703, as it was enacted after the ITCA. Further, had the legislature used express language to consider the application of the ITCA to section 6-1703, the case would not be before us today. Accordingly, we will use section 6-918A to determine whether attorney fees are proper in this case.

11

Here, there is no evidence to suggest that the Juveniles' claims were brought in bad faith. This is especially true given that they prevailed below. Accordingly, the IDJC is not entitled to an award of attorney fees.

## IV.  CONCLUSION

For the foregoing reasons, we reverse the district court's denial of summary judgment in favor of the IDJC, Lieteau, and McCormick regarding Counts Four and Five. We remand with instructions to dismiss those counts to the extent that they are against the IDJC and Lieteau and McCormick in their official capacities. No attorney fees are awarded. Costs are awarded to the IDJC as it is the prevailing party in this appeal.

Chief Justice BURDICK, Justices BRODY, BEVAN, and MOELLER CONCUR.