# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 50662

JK HOMES, LLC d/b/a CASTLEROCK HOMES, an Idaho Limited Liability Company,

    Plaintiff-Appellant,

v.

SARAH ELIZABETH BRIZZEE, f/k/a SARAH ELIZABETH KJAR,

    Defendant-Respondent.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, June 2024 Term

Opinion filed: August 15, 2024

Melanie Gagnepain, Clerk

---

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Dane H. Watkins, Jr., District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u>.

Murray Ziel & Johnston, PLLC, Idaho Falls, attorneys for Appellant. Alan Johnston argued.

Carey Law, PLLC, Idaho Falls, attorneys for Respondent. Donald F. Carey argued.

---

BEVAN, Chief Justice.

This appeal asks the Court to interpret Idaho Code section 5-248, which modifies the applicable limitations period governing when a crime victim can file a civil claim for damages against the offender. Brizzee pleaded guilty to embezzling money from JK Homes, LLC d/b/a Castlerock Homes ("Castlerock") and was sentenced to incarceration, with the district court initially retaining jurisdiction (a "rider"). After completing her rider, Brizzee was placed on probation. During the term of her probation, Castlerock filed a claim for damages against Brizzee. The district court found that Idaho Code section 5-248 creates a one-year statute of limitations to bring such a claim that begins when an offender is released from prison and that Castlerock's complaint was untimely because, although Brizzee was still on probation, she was released from incarceration (her rider) over a year before Castlerock filed its complaint.

1

We hold that Idaho Code section 5-248 does not create a one-year limitations period, but instead tolls the applicable limitations period until one year after an offender has been both released from incarceration *and* fully satisfied the sentence imposed. We therefore hold that the district court erred in dismissing Castlerock's complaint as untimely. We vacate the judgment dismissing Castlerock's complaint.

## I. FACTUAL AND PROCEDURAL BACKGROUND

While she was employed as Castlerock's bookkeeper between May 2017 and October 2018, Brizzee embezzled over $230,000 by writing fraudulent checks to herself and others and by using the company credit card for personal purchases. Brizzee also created fraudulent lien waivers and invoices to withdraw funds from Castlerock's construction loans and then deposited those funds into the company's bank accounts to cover the amounts she embezzled.

Castlerock's owner, Joshua Higley, discovered the crimes on about October 4, 2018, and called the Idaho Falls police to file a police report. In April 2019, Brizzee was charged with two counts of grand theft and two counts of forgery, and after entering a plea agreement, she pleaded guilty to one count of each.

On March 5, 2020, the district court sentenced Brizzee to a unified sentence of seven years, with two years determinate and five years indeterminate on each count, running concurrently, but the court retained jurisdiction over her case for up to one year, ordering Brizee to successfully complete a rider.[1] The court also ordered Brizzee to pay over $330,000 in restitution. Brizzee began her rider the same day.

On October 13, 2020, after a review hearing, the district court issued an amended felony sentence which released Brizzee from incarceration, suspended her sentence, and placed her on probation until October 13, 2026. The court ordered that should Brizzee violate the terms of her probation, the court had the option to impose the remainder of Brizzee's suspended sentence. The court ordered Brizzee to pay $150 a month toward her restitution while on probation, which she did.

On September 26, 2022, Castlerock filed its complaint against Brizzee. The complaint

---

[1] Retained jurisdiction is a sentencing option in which an offender begins serving her prison term, but remains under the district court's jurisdiction rather than transferring jurisdiction to the Idaho Department of Corrections. If the offender successfully completes the rider program while incarcerated, which includes treatment and programming, the court may decide to put the offender on probation rather than requiring the offender to serve her remaining prison term. *See* I.C. § 19-2601(4).

2

alleged fraud, constructive fraud, and conversion, and sought damages for the amount owed, prejudgment interest, attorney fees, and costs.

Brizzee moved to dismiss the action, asserting that the complaint was time-barred under Idaho Code section 5-218, which provides a three-year statute of limitations to recover on actions for fraud. Castlerock responded that its complaint was brought under what it characterized as the "limitations period" in Idaho Code section 5-248, which applies to actions brought by victims of crimes. The district court scheduled briefing and oral argument to consider Brizzee's motion to dismiss.

The district court found that Castlerock's claim was untimely under Idaho Code section 5-248 and granted Brizzee's motion to dismiss with prejudice. Castlerock timely appeals.

## II. STANDARDS OF REVIEW

"[W]hen reviewing the district court's order granting a motion to dismiss, the standard of review we use is the same as that used in summary judgment." *Yu v. Idaho State Univ.*, 165 Idaho 313, 316, 444 P.3d 885, 888 (2019). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id*. (quoting I.R.C.P. 56(a)). This Court "exercises free review over questions of statutory interpretation." *Hood v. Poorman*, 171 Idaho 176, 187, 519 P.3d 769, 780 (2022) (citing *D.A.F. v. Lieteau*, 166 Idaho 124, 126–27, 456 P.3d 193, 195–96 (2019)).

## III. ANALYSIS

The issue in this case is whether the district court erred in its interpretation of Idaho Code section 5-248 when it dismissed Castlerock's complaint as untimely. Section 5-248 applies to civil actions brought by victims of crime. It provides:

### § 5-248. Victims of crimes

(1) For the purpose of any civil action or proceeding brought by a victim of a crime against an offender who committed the crime, for any losses incurred by the victim, which loss was proximately caused by the crime, the limitation periods prescribed by this chapter shall be tolled until one (1) year after the offender has been released from any sentence of incarceration served for that crime and in full satisfaction of the sentence imposed.

(2) For purposes of this section "full satisfaction of the sentence imposed" means the full-term release date from incarceration for the crime committed against the victim or the full-term release date from incarceration for any other crime for which the offender is serving time concurrently with, or consecutively to, time served for the crime against the victim, whichever is later.

3

I.C. § 5-248.

The district court found that Idaho Code section 5-248 creates a one-year limitation period which began to run when Brizzee was released from incarceration after her rider. Applying that interpretation, the district court found that because Brizzee was released from her rider and incarceration on October 13, 2020, the one-year limitation period under Idaho Code section 5-248 expired on October 13, 2021. Because Castlerock did not file its complaint until September 26, 2022, the court found that the complaint was untimely and dismissed the case.

The objective of statutory interpretation is to give effect to "the intent of the legislative body that adopted the act." *Melton v. Alt*, 163 Idaho 158, 162, 408 P.3d 913, 917 (2018). Statutory interpretation requires this Court to first consider the plain language of the statute, with the literal words as the best guide to determining legislative intent. *Eller v. Idaho State Police*, 165 Idaho 147, 154, 443 P.3d 161, 168 (2019) (citing *Marquez v. Pierce Painting, Inc.*, 164 Idaho 59, 63–64, 423 P.3d 1011, 1015–16 (2018)). "[T]he literal words of the statute . . . must be given their plain, usual, and ordinary meaning; and the statute must be construed as a whole." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 893, 265 P.3d 502, 506 (2011). "Where the language of a statute is plain and unambiguous, courts give effect to the statute as written, without engaging in statutory construction. Only where the language is ambiguous will this Court look to rules of construction for guidance and consider the reasonableness of proposed interpretations." *City of Idaho Falls v. H-K Contractors, Inc.*, 163 Idaho 579, 582, 416 P.3d 951, 954 (2018) (quoting *Curlee v. Kootenai Cnty. Fire & Rescue*, 148 Idaho 391, 398, 224 P.3d 458, 465 (2008)).

> If the words of the statute are subject to more than one meaning, it is ambiguous, and this Court must construe the statute "to mean what the legislature intended it to mean. To determine that intent, [this Court] examine[s] not only the literal words of the statute, but also the reasonableness of the proposed construction, the public policy behind the statute, and its legislative history."

*Doe v. BSA*, 148 Idaho 427, 430, 224 P.3d 494, 497 (2009) (quoting *State v. Doe*, 147 Idaho 326, 328, 208 P.3d 730, 732 (2009)). "Statutes and ordinances should be construed so that effect is given to their provisions, and no part is rendered superfluous or insignificant." *Friends of Farm to Mkt. v. Valley Cnty.*, 137 Idaho 192, 197, 46 P.3d 9, 14 (2002).

**A. Idaho Code section 5-248 is a tolling statute triggered by two conditions.**

Our analysis begins with the plain language of Idaho Code section 5-248. The statute states that "the limitation periods prescribed by this chapter *shall be tolled* until one (1) year after the

4

offender has been released from any sentence of incarceration served for that crime and in full satisfaction of the sentence imposed." I.C. § 5-248(1) (emphasis added). "Under Idaho Code section 5-[248], when the commencement of an action is stayed as the result of a statutory prohibition, the time of the prohibition is not part of the time allotted for the commencement of claims." *Farms, LLC v. Isom*, 172 Idaho 880, ___, 537 P.3d 1241, 1248 (2023). Thus, the plain language of Idaho Code section 5-248 does not create a one-year limitations period for fraud claims based on criminal acts. Instead, Idaho Code section 5-248 *tolls* the limitation periods in Title 5, Chapter 2, in this case the three-year period applicable to fraud claims under Idaho Code section 5-218. Under that statute, Castlerock had three years to bring its cause of action against Brizzee from the time that it discovered the facts constituting the fraud:

> **§ 5-218. Statutory liabilities, trespass, trover, replevin, and fraud**
>
> Within three (3) years:
>
> . . .
>
> 4. An action for relief on the ground of fraud or mistake. The cause of action in such case not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.

I.C. § 5-218(4).

Under Idaho Code section 5-248, since the fraud perpetrated by Brizzee made Castlerock a crime victim, the three-year statute for fraud is "tolled until one (1) year after the offender has been released from any sentence of incarceration served for that crime and in full satisfaction of the sentence imposed." Thus, the time a criminal defendant is incarcerated is not part of the time allotted for the commencement of the action. *See Farms,* 172 Idaho at ___, 537 P.3d at 1247–48 (bankruptcy stay tolls the running of a statute of limitation as provided by Idaho Code section 5-234). As a result, the district court and the parties erred by construing section 5-248 as a one-year statute of limitations; it is a tolling statute.

As the statute makes clear, Idaho Code section 5-248 tolls the running of a statute of limitations against a crime victim until two conditions are met: first, the offender must have been incarcerated for her crime; and second, the offender must have fully satisfied the sentence imposed. The district court found that Brizzee fully satisfied her sentence when she was released from incarceration on October 13, 2020. We do not address this question, as set forth below. However, the district court also found that the one-year tolling period in section 5-248 expired one year after Brizzee was released. The district court erred in reaching this conclusion.

**B. Brizzee was incarcerated for purposes of Idaho Code section 5-248.**

Before considering how Idaho Code section 5-248 tolls the limitations period in Idaho Code section 5-218, we address Brizzee's claim that Idaho Code section 5-248 does not apply to her case because the definition of "incarceration" in Idaho's criminal code does not include offenders, like her, who are imprisoned under riders and are thereby subject to retained jurisdiction by the court. She cites Idaho's Sexual Offender Registration and Community Right-to-Know Act ("Sexual Offender Act") for the definition of "incarceration" as "committed to the custody of the Idaho department of correction or department of juvenile corrections, *but excluding cases where the court has retained jurisdiction*." I.C. § 18-8303(8) (emphasis added). Because Brizzee was serving a rider when the court retained jurisdiction, rather than transferring jurisdiction to IDOC, she maintains she was not "incarcerated." That argument aside, Brizzee concedes that she was, in practical terms, incarcerated.

We are not persuaded by Brizzee's argument. Idaho Code section 18-8303, which defines terms for Idaho's Sexual Offender Act, prefaces its definitions with the qualifying phrase "[a]s used in this chapter," thereby specifically limiting those definitions to the Sexual Offender Act. That definition excludes riders from "incarceration" for reasons germane to registration requirements for such offenders. Such parameters are inapplicable in a civil fraud case. Thus, there is no reason to import a definition from Idaho's criminal code for sex offenders into an unrelated civil case for fraud damages.

This Court has recently relied on dictionary definitions of "incarceration" when wrestling with whether a person was "incarcerated." *See State v. Burke*, 166 Idaho 621, 623–24, 462 P.3d 599, 601–02 (2020) (citing *Incarceration*, BLACK'S LAW DICTIONARY (11th ed. 2019)). Rather than adopting Brizzee's proffered definition, we interpret Idaho Code section 5-248 using the plain and ordinary meaning of "incarceration." Black's Law Dictionary defines it as "[t]he act or process of confining someone." *Id*. Merriam-Webster defines that term as "confined in jail or prison" and "the act of imprisoning someone or the state of being imprisoned." *Merriam-Webster.com*, MERRIAM-WEBSTER (last accessed July 1, 2024). While serving her rider, Brizzee was confined in a prison, and so we hold that she was incarcerated in applying Idaho Code section 5-248.

**C. The district court erred in dismissing Castlerock's claim as untimely under Idaho Code section 5-248.**

Having established that Brizzee was "incarcerated" under the plain meaning of that word as used in Idaho Code section 5-248, our next task is to determine whether Castlerock's complaint

was timely under Idaho Code section 5-218 as tolled by Idaho Code section 5-248. Again, Idaho Code Section 5-248(1) states that the applicable limitation period is tolled until one year after "the offender has been released from any sentence of incarceration served for that crime *and* in full satisfaction of the sentence imposed." I.C. § 5-248(1) (emphasis added). The applicable statute of limitations is tolled until both conditions are met, and a year must pass from the completion of both events before the tolled limitations period resumes.

*1. Castlerock's complaint is timely under the first condition in Idaho Code section 5-248.*

We begin by analyzing the timeliness of Castlerock's complaint under the first condition in Idaho Code section 5-248(1). The statutory language is unambiguous that the germane statute of limitations is tolled until one year after the offender has been released from incarceration. I.C. § 5-248(1).

The record establishes that the three-year statute of limitations in Idaho Code section 5-218 began to run when Higley discovered Brizzee's fraud on October 4, 2018.[2] On March 5, 2020, Brizzee was sentenced and incarcerated, with the district court retaining jurisdiction. Applying the statutes at issue, JK Homes had 1,095 days (365 days x 3 = 3 years) to bring a fraud claim. Idaho Code section 5-248 tolled (i.e., stopped) the three-year limitation period beginning on March 5, 2020, when Brizzee was sentenced and began serving a rider. A total of 518 days lapsed between October 4, 2018, (the day the statute of limitation began to run because Higley discovered the fraud) and March 5, 2020 (the day the statute of limitation was tolled). This means that there were 577 days remaining on the limitation period when the tolling provision was triggered (1,095 days minus 577 days lapsed). Brizzee was released from incarceration on October 13, 2020, and the limitation period remained tolled for one year thereafter. Thus, the limitation period (577 remaining days) began to run again on October 13, 2021. Castlerock filed its complaint on September 26, 2022, which was 349 days after the tolling was lifted, and 228 days before the limitations period would have expired on May 13, 2023. Thus, the complaint was timely under that provision of section 5-248. Therefore, we hold that the district court erred in dismissing Castlerock's complaint as untimely, since the complaint was filed within the statutory time limit for filing the claim.

---

[2] The record shows that Higley discovered the fraud "on or about" October 4, 2018. We use October 4, 2018, for purposes of this analysis, and leave it to the district court to determine and apply a more precise date on remand if necessary.

*2. We decline to interpret the second condition in Idaho Code section 5-248(1).*

This case presents a unique question related to the second condition of Idaho Code section 5-248(1). Subsection 5-248(1) tolls the limitation period until two conditions are satisfied: (1) release from incarceration; and (2) "full satisfaction" of the sentence imposed. The "full satisfaction of the sentence imposed" language is part of a conjunctive phrase tied to the first condition, which states that the statute of limitations "shall be tolled until one (1) year after the offender has been released from any sentence of incarceration served for that crime *and* in full satisfaction of the sentence imposed." I.C. § 5-248(1) (emphasis added). The legislature attempted to define what full satisfaction of the sentence means in section 5-248(2), which reads in relevant part:

> For purposes of this section "full satisfaction of the sentence imposed" means the full-term release date from incarceration for the crime committed against the victim. . . .

Idaho Code § 5-248(2).

The district court interpreted the "full satisfaction of the sentence imposed" date to be connected to the first condition, thus determining that Castlerock's failure to file its complaint within one year of Brizzee's release was fatal. The difficulty with this view, and the legislature's use of the "full-term release date" language in subsection 2 quoted above, is that it fails to account for circumstances when an individual is incarcerated for her crime for a period of time, but is later placed on probation or parole, and during the probationary or parole period is subject to additional incarceration.

The legislature's definition of "full satisfaction of the sentence imposed" is linked to a criminal offender's *full-term release date*, which is indeterminate for an offender who is placed on probation after a period of incarceration, like Brizzee was here. Thus, this statute lacks clarity and is subject to differing, reasonable interpretations when applied to criminal defendants who have been incarcerated and are later placed on probation. As a result, the statute is ambiguous. *Blasch v. HP, Inc.*, ___ Idaho ___, ___, 545 P.3d 581, 587 (2024) ("[A] statute is ambiguous where the language is capable of more than one reasonable construction."). Here, whether Brizzee's "full completion of sentence date" is tied to her release from the rider, or to some unknowable future "full term release date" is inconsequential; either way, Castlerock's filing was timely under our analysis above. That said, how to address this ambiguity is left for a future day if the issue is squarely presented to this Court or for the Idaho Legislature to address.

8

**IV. Conclusion**

As explained above, we hold that the district court erred by dismissing Castlerock's complaint as untimely, and accordingly, we reverse the district court's decision, vacate the judgment dismissing Castlerock's claims and remand for further proceedings.

Justices BRODY, MOELLER, ZAHN, and MEYER CONCUR.